Taylor, Chief Justice.
 

 — I think there can be no reasonable doubt, that the act of 1819, was made to effect the same object with the statute of frauds and perjuries, so far as it respected parol contracts, of sales of laud.— The mischief hero was of the same character with that sought to be remedied in England, and the full extent of it had recently been brought into view, by a decision of this Court, decreeing the specific execution of a parol contract, where there was no part performance.
 

 There is some difference in the phraseology of the two statutes, but none I think in their substantial meaning. Our act makes all contracts, to sell or convey any
 
 *184
 
 lands, void and of no effect, unless they be put in writing. The statute of
 
 Charles
 
 prohibits the bringing any action upon any contract, or sale of lands, or any interest in, or concerning them, unless the agreement, on which such an action shall be brought, or some memorandum or note thereof shall be in writing &c. And this would extend to prevent the institution of a suit in-'equity, as well as at law, it is equally operative with our act, since depriving the party of all remedy on a contract is equivalent to annulling it. In this view, I think, the expositions of the statute of frauds are applicable to ours, and that after a system has been built up by the judgments of a succession of able men, it would be unwise and unsafe, to depart therefrom.
 

 In the present case, the purchase of the land was made by the Plaintiff, and he let into possession thereof with the Defendant’s consent. Now, if the purchase-money was paid according to contract, or there was no agreement
 
 to
 
 guaranty the note of
 
 Stanton
 
 &
 
 Peel
 
 (which is a subject of future enquiry) it is equitable that the Plaintiff should be quieted in his purchase; and indeed it would be flagrant injustice to allow the Defendant, after receiving the price, and giving up the possession, to commit a fraud, under the sanction of a statute made for the prevention of fraud. If this agreement should not be performed, the Plaintiff, by being put into possession, has had a fraud practised upon him, and made a trespasser, and liable to account for the rents and profits. To show that he entered by agreement, and thus defend himself from.the charge of being a trespasser, it is allowable to prove the parol agreement, and the delivery of possession and being allowed for that purpose, it is equally reasonable that it shall be allowed throughout. This principle is illustrated and explained in a satisfactory manner in the case of
 
 Clenan v. Cooke.
 

 Nor docs it seem that any mischief can arise under this construction, guarded, and limited as it is to (hose
 
 *185
 
 cases, where the acts done are of such a nature, that they could not possibly be executed with any other view, than to perform the agreement; for if they are equivocal, or ¡night have been done with other* views, the agreement will not be taken out of the statute.
 
 (Ambler
 
 586.) A plainer case, with respect to the design of delivering possession, cannot well exist than this: it was the clear intention of both parties, that it should be in execution of the
 
 agreement;
 
 and if the Defendant has, in fact, been paid according to contract, he ought to be enjoined perpetually, and decreed to execute a deed.
 

 Per Curiam.
 

 — Direct an account to be taken by the Master of the purchase money, and let him report upon the nature of the guaranty, which the Defendant claims the Plaintiff to have given of
 
 Stanton
 
 &
 
 Peel’s
 
 bond.