Ruffin, C. J.
 

 The Court concurs in the opinion of his Honor, which is in accordance with the case of
 
 Rice
 
 v.
 
 Carter,
 
 decided here a year ago. The contract concerns the sale of an interest in land, and by the statute of frauds a party to it cannot be charged therewith, unless it be in writing and signed by the party thus sought to be charged. It was argued at-the bar, that the policy of the act was to protect owners of real estate from being deprived of it without written evidence under their own hand, and that a promise to pay money for land is not within the mischief. But the danger seems as great, that a purchase at an ex-horbitant price may by perjury be imposed on one, who did not contract for it, as that by similar means a feigned contract of sale should be established against the owner of land. Hence the act in terms avoids entirely every contract, of which the sale of land is the subject, in respect of a party, that is, either party, who does not charge himself by his signature to it after it has been reduced to writing.
 

 Per Curiam. J udgment affirmed.