Pearson, J.
 

 It was properly conceded that a contract to sell“ growing trees” is within the statute of frauds, being a contract to sell “ land or some interest in, or concerning the same.”
 

 We are of opinion with his Honor, that to make a contract to sell growing trees binding on the vendor, it is sufficient that the contract be signed by him, and it is not necessary
 
 *253
 
 that it should also be signed by the vendee. The statute provides that the contract shall be signed by the “ party to be charged therewith.” This answers the. purpose, which is to exclude perjury in an action to enforce the contract. In reference to the other party the statute is silent, and there is consequently nothing to justify the construction, that he is also required to sign. If the purchaser of land pays the price in cash, taking a bond for title, there is no reason why he should put his signature to the contract. So,'if he gives a note for the price, that is sufficient, although the note make s no refer ence to the contract. So, if the vendor binds himself in writing, and is content to take the verbal promise of the purchaser to pay the price, it is his own fault, and he must blame himself for the folly of getting into a situation where he is bound, but the other p'arty cannot be charged if he chooses to insist upon the statute. Common justice, and the general principles of law, require that there shall be a mutuality in contracts; that is, if one party is bound the other ought to be. But there may be exceptions. Although it is a maxim that a contract is never binding unless there be a consideration, yet, there is a distinction between a consideration and the mutuality of contracts in reference to the obligation thereof, and the fact that by some other principle of law, or the provisions of a statute, one party has it in his power to avoid the obligation, although it suggests a very forcible reason for not entering into a one sided contract, does not necessarily have the effect of making such contract void as to both parties. One agrees to deliver, at a future day, a certain article to an infant, in consideration of his promise to pay the price, the contract is not void, although the infant may avoid the obligation on his part,'if he chooses to protect himself on the ground of infancy. So, if one agrees in writing to convey land in consideration of a verbal promise of the other party to pay the price, the contract is binding on the vendor, although the vendee may avoid the obligation on his part if he chooses to protect himself under the provisions of the statute. It is not considered, in either case, that the contract
 
 *254
 
 is
 
 nudum paobum
 
 and void for the want of consideration. This is the result of the English decisions in reference to the statute of frauds, and although our statute is not precisely in the same words, yet the substance is the same, the purpose is the same, and the difference in the wording is not such as to justify a difference in the construction ;
 
 Laythoarp
 
 v.
 
 Bryant,
 
 2 Bing. N. C. 744, (29 Eng. Com. L. Rep. 469) ;
 
 Allen
 
 v.
 
 Bennet,
 
 3 Taunt. Rep. 170.
 

 We also agree with his Honor, that the letter of the defendant to the plaintiff, dated February 14th, 1853, is a sufficient writing, or memorandum of the contract,- to bind the defendant and subject him to an action for a breach, provided there be no other difficulty in the way of the plaintiff. The writing being required only as
 
 midenoe
 
 of the contract and not to constitute it. This is well settled, both in Law and Equity ;
 
 Jackson
 
 v.
 
 Lowe,
 
 1 Bing. 9 ;
 
 Bateman
 
 v. Phillips, 15 East 172
 
 ; Laythoarp
 
 v. Bryant, supra ; 3 Atk. 503, 1 Vern. 110. According to the view we take of the case, it is not necessary to decide whether the letter of the 14th of February, above referred to, is only a proposition to sell, or contains in itself the contract, or is evidence of a contract previously made ; for, in either view, the plaintiff was required to execute the two notes with approved security, and the only question is, whether he did execute and tender them to the defendant in time to perfect his right of action.
 

 If the plaintiff had tendered the notes on the Saturday referred to, or any day during that week, it is clear that the defendant ■would have been bound. There is strong ground to support the position, that according to the proper construction of the letter, the plaintiff was required to deliver the two notes during the week, or at all events, to
 
 write
 
 during the week, and fix on a day- — the purpose being not to let the matter stand open and leave him unbound longer than that week. It would seem the defendant wrote this letter reciting the agreement or purpose to bind himself in writing, with the expectation that the plaintiff was also to bind himself during that week. But we put our decision on a broader ground, The plaintiff was cer
 
 *255
 
 tainly required to deliver tlie notes witbin a reasonable time, and we think a delay of twenty days was, under the circumstances, unreasonable, and consequently the plaintiff did not, by his tender of the notes, acquire a right of action.
 

 What is a reasonable time must, in all cases, depend upon tlie circumstances. The nature of the transaction may make a delay unreasonable, which, in 'a transaction of a different kind, would not be so. According to the law-merchant, notice of the dishonor of a bill must be by the return mail, for “ promptness is the life of trade.” So, if one offers to take one hundred dollars for his horse, the proposition must be accepted
 
 at the time ;
 
 for nothing els’e appearing, his object is to sell at that time. So,.the question may depend upon the condition of the parties. If one-is bound, and the other
 
 is footloose,
 
 the time must be short, for it would be unreasonable to keep the parties in so unequal a condition for a long time. This is our case. The defendant whs bound in writing, the plaintiff was
 
 foot-loose.
 
 If a storm had destroyed the trees, he was not bound to complete tlie trade, even after his conversation with Webb, and it was unreasonable to delay twenty days, and then seek to get the advantage of an appreciation in the value of the timber, or of the fact, that it was worth more by some $200, at the time of the contract, than the owner supposed.
 

 This delay was the more unreasonable, because the defendant earnestly insisted that the business should be closed on tlie next Saturday, or some day during that week, which ought to have quickened the plaintiff’s diligence.
 

 The suggestion that the delay was occasioned by the sickness of the plaintiff’s wife, and the freshet in the river, will not avail. Assuming that she was sick, it does not appear how that made it
 
 impossible
 
 for'him to procure the notes. As to the river being up, that did not prevent the defendant’s letter of the 22d, from reaching its.destination, and the plaintiff could have crossed in the same way. Nor did it prevent him from crossing to make the tender. . It is true, he went a round
 
 *256
 
 about way, but bis being able to do so, repels tbe idea of an impossibility.
 

 But in tbe second place, it is familiar learning that a right, depending upon a condition precedent, does not accrue unless tbe condition be performed, although performance becomes impossible by tbe act of God. There is a diversity between a condition subsequent by which an estate is to be defeated, and a condition precedent by which an estate is to be created, or a right is to accrue. Co. Litt.
 
 “
 
 Conditions.”
 

 The defendant agreed to convey the timber to the plaintiff, provided he executed the notes in a reasonable time: The principle is the same as if the condition had been to execute the notes in ten days. Performance is necessary to give a right of action.
 

 Pee CueiaM. There is error. Judgment reversed, and
 
 a venire de novo.