Manly, J.
 

 The-contract, which is. the* subject of this suit,. Ms within the* pro visions of'the statute of frauds, incorporated in our Code, c-fe*., 50, sec. 11,, and in no part thereof can be enforced, without a memorandum, in writing, signed by the. party to. fee* charged therewith.. If is not divisible and exempt from tiie operation of the law-in some
 
 of
 
 its parts, as for instance, in the penalty for non-compliance with the- terms of the sale, as insisted in the argument..
 

 Such a construction would render the-provisi'ons of the law, referred to, inoperative. Eor, except in cases.where a specific performance may be compelled, the relations to each other of the parties to such a contract, would not be changed, by tho-
 
 *71
 
 law. Anterior to its passage, the party charged, had the power to refuse compliance and run the hazards of an action for damages, and the construction, now sought to be put upon it, gives him that option — nothing more. It would be a palpable inconsistency to declare the contract void and of
 
 no
 
 effect, which is done by the statute, and still to hold the party responsible in damages for its non-fulfilment.
 

 In a case recently decided in this Court,
 
 Mizell
 
 v.
 
 Burnett, 4
 
 Jones, 249, general principles are enunciated, which have a direct bearing upon this case, viz., that no part of a contract, falling under the provisions of the law, is binding upon a party,
 
 who does not sign the
 
 writing, while others who do sign, may be bound.
 

 The opinion of his Honor below, that the contract was not binding upon the defendant, in submission to which plaintiff suffered a nonsuit, was clearly correct.
 

 Per Curiam,
 

 Judgment affirmed.