LOVE v. ATKINSON.

(Filed December 18, 1902.)

FRAUDS, STATUTE OF—*Vendor and Purchaser—Contracts.*

A vendor who signs a contract for the sale of land can not enforce the payment of the purchase-money by the vendee if he has not signed the contract, though the vendee has paid a part of the purchase-money and has been put in possession.

ACTION by W. B. Love and others against E. C. Atkinson and others, heard by Judge *Fred. Moore* and a jury, at May Term, 1902, of the Superior Court of JACKSON County. From a judgment of nonsuit, the plaintiffs appealed.

*Walter E. Moore,* and *D. L. Love,* for the plaintiffs.
*W. B. & H. R. Ferguson,* for the defendants.

MONTGOMERY, J. This action was brought to enforce the collection of a balance due on a contract to pay the purchase money for a tract of land, bargained to be sold by the plaintiff to the defendant. The contract was in the nature of a bond for title, properly executed by the plaintiff, but not

signed by the defendants, or either of them, or by the lawfully authorized agent of either of them. The statute of frauds was pleaded in bar of any recovery by the plaintiff. The plaintiff offered evidence tending to show that at the time of the execution of the bond for title by the plaintiffs, the defendant Atkinson accepted the same, paid $75 in cash of the purchase money, and had it registered; that the plaintiffs surrendered the possession of the premises to the defendants, and that the defendants have been cutting lumber from, and building a railroad and houses upon the same; that the defendants are still in possession and have refused to pay the balance of the purchase money, although the plaintiffs, in proper time, had tendered a proper deed for the land and premises; and that the defendants have never given notice to the plaintiffs of any intention to abandon the contract, or to surrender the possession of the land to the plaintiffs. The evidence was refused by his Honor, and upon intimation by the Court that the plaintiffs could not recover, they took a nonsuit and appealed.

The question presented for decision is this: Can the vendor who has executed a written contract for the sale of land enforce the contract for the sale of land, enforce the contract and compel the vendee, who has partly performed the contract and who has been put in possession of the premises, but who has not himself signed the contract, to pay the purchase money? It is not now an open question. In *Rice v. Carter,* 33 N. C., 298, where there was a written contract for the sale of land executed by the vendor, but not assigned by the vendee, the defendant relied on the statute of frauds. The Court said there: "The contract in this case was for the sale of land. The defendant signed no memorandum or note in writing, whereby he can be charged; and we are at a loss to see any ground, at all plausible, to support an action against him upon a mere verbal promise. *Laythroop v. Bry-*

*ant,* 2 Bing. N. C., 744. The defendant, there, had signed a
written contract to convey land. The plaintiff (like the de-
fendant in this case) had only made a verbal promise to pay
the price, and it was urged for the defendant that he ought
not to be held liable under his written promise, inasmuch as
the plaintiff was not bound by his verbal promise; but, said
the Chief Justice, "Whose fault was that? The defendant
might have required the plaintiff's signature. It was taken
for granted, and as a thing not debatable, that the party who
did not sign the memorandum or note in writing, was not lia-
ble, and the idea of his being liable was not even suggested."

In *Simms v. Killiam,* 34 N. C., 252, the Court, through
Chief Justice Ruffin, said: "It was argued at the bar that the
policy of the act was to protect owners of real estate from
being deprived of it without written evidence, under their
own hands, and that a promise to pay money for land is not
within the mischief. But the danger seems as great that a
purchase at an exhorbitant price may, by perjury, be imposed
on one who did not contract for it, as that by similar means
a feigned contract of sale should be established against the
owner of the land. Hence, the act, in terms, avoids entirely
every contract of which the sale of land is the subject, in
respect of a party, that is either party, who does not charge
himself by his signature to it after it has been reduced to
writing." In that case, the writing was signed by the vendor
but not by the vendee, the purchase money paid, possession
taken of a large portion of the land.

In *Mizell v. Burnell,* 49 N. C., 249; 69 Am. Dec., 744;
Pearson, J., for the Court, said: "So, if the vendor binds
himself in writing and is content to take the verbal promise
of the purchaser to pay the price, it is his own fault, and he
must blame himself for the folly of getting into a situation
where he is bound but the other party can not be charged, if
he chooses to insist upon the statute."

To the like effect are the cases of *Wade v. City of New Bern*, 77 N. C., 460; *Edwards v. Kelly*, 53 N. C., 69; *Hargrove v. Adcock*, 111 N. C., 166.

This has not always been the rule in North Carolina. The first case under the statute was that of *Ellis v. Ellis*, 16 N. C., 180, where it was decided that our statute ought to receive the same construction with the English statute. The English Courts had decided that a substantial part performance of a parol contract would take the case out of the statute, as where the purchaser had been put in possession of bargained premises, upon the ground that it would be a fraud in the party refusing to execute it under such circumstances. This case, however, was reviewed very soon thereafter and reversed. 16 N. C., 341.

In *Barnes v. Teague*, 54 N. C., 277; 62 Am. Dec., 200; the Court said that the case of *Ellis v. Ellis* was reviewed and the decree reversed in 16 N. C., at page 341. The Court went on to say: "Our Courts having discarded the construction of the English Courts as to part performance, * * * we have no hesitation in saying that a defendant may, in his answer, admit the parol contract without depriving himself of the protection of the statute by his plea or answer, and that the Court can not, under such a state of things, decree a specific performance."

It does not alter the case to say that the present contract was in writing and signed by the plaintiff, the vendor; that it was not altogether in parol. It was a parol contract so far as the defendant vendee is concerned, and can not be enforced against him, he pleading the statute of frauds, although admitting the contract.

In *Dunn v. Moore*, 38 N. C., 364, the same principle is announced, the position of the parties plaintiff and defendant, however, being reversed. In that case (a parol contract for the sale of land), the plaintiff alleged that he had agreed to buy the land from the defendant, had paid a part of the

purchase money, and had been given possession of the premises, and that, upon his desiring to pay the balance of the purchase money and procure a deed, the defendant refused to receive the money or make the deed. The object of the bill was twofold, either to compel the defendant to make a deed for the land to the plaintiff, or for a decree for an account for the value of the improvements and for the money paid. The Court said: "The plaintiff is not entitled to any decree for the conveyance of the land claimed, neither is he entitled to an account, and that the land should be held as security as for what might be due to him. If the defendant Moore had admitted the contract as set forth in the bill, and that he had put the plaintiff into possession, on the authority of *Baker v. Carson,* 21 N. C., 381, and of *Albea v. Griffin,* 22 N. C., 9, we should, upon the plaintiff's substantiating by evidence his payments and improvements, have referred the case to the Master for a report; and this upon the ground, not that this Court could in a case of this kind, give the plaintiff anything by way of damages for the violation of a contract, but because the defendant, after making the contract and putting the plaintiff into possession, ought not to be allowed to put him out without returning the money he had received and compensating him for his improvements. It would be against conscience that he should be enriched by gains thus acquired to the injury of the plaintiff."

In *Luton v. Badham,* 127 N. C., 96; 53 L. R. A., 337; 80 Am. St. Rep., 783; it was held that one who had entered upon land and placed thereon improvements, under a parol contract to convey, can recover from the vendor who refuses to execute the contract, the value of the improvements, though the contract be denied by the vendor; and to that extent the case of *Dunn v. Moore,* 38 N. C., 364, was overruled. *Luton v. Badham, supra.* But that question is not involved in this appeal.

Error.