## HALL v. MISENHEIMER.

(Filed December 13, 1904).

1. VENDOR AND PURCHASER—*Receipts—Frauds, Statute of.*

    A receipt by the vendor of land, reciting that the purchaser—naming him—had made a payment, the receipt having been drawn at the instance of the purchaser, was sufficiently signed by the purchaser to bind him under the statute of frauds.

2. FRAUDS, STATUTE OF—*Vendor and Purchaser—The Code, sec. 1554.*

    Under the statute requiring a contract to sell land, or some note or memorandum thereof, to be put in writing and signed by the party to be charged therewith, the purchaser cannot be held unless he has signed the required memorandum.

3. VENDOR AND PURCHASER—*Specific Performance.*

    The doctrine that part performance of a sale of land takes it from within the statute of frauds is not recognized.

4. FRAUDS, STATUTE OF—*Vendor and Purchaser—Specific Performance.*

    A memorandum of a contract for the sale of land is not good as against the purchaser unless it shows the price to be paid.

ACTION by J. A. Hall, against M. J. Misenheimer, heard by *Judge M. H. Justice,* at May Term, 1904, of the Superior Court of ROWAN County.

This is an action by the vendor against the vendee for the specific performance of a contract to convey land or, stating it in another way, to recover the price agreed to be paid for the land.

The plaintiff testified that he agreed to sell the land to the defendant for $1,200 and the defendant, on the other hand, agreed to buy it at that price. That afterwards defendant presented to him a paper and said, "The price is very high but I will take the land; here is a receipt that I have prepared, you sign it now and I will pay you five dollars," and the latter signed the receipt, which is as follows:

"SALISBURY, N. C., January 18, 1904.

Received from M. J. Misenheimer five dollars, part payment on one five-room house and lot, extending across Tar branch, on Boundary street, No. house, 630.

"(Signed)        J. A. HALL.

"Witness: M. D. LEFLER."

The receipt was written by M. C. Ruffty for the defendant, and at his request and dictation. Plaintiff surrendered the premises to defendant, who took possession thereof, but afterwards refused to pay the purchase-money, though plaintiff tendered a deed for the land on the 21st day of January, as defendant had requested him to do. Defendant alleges in his answer that he was to have until the 20th of January to decide whether or not he would take the lot, and he notified the plaintiff before the expiration of the time that he would not take it. At the close of plaintiff's testimony the Court, on motion of defendant, nonsuited the plaintiff, who excepted and appealed.

*Walter H. Woodson,* for the plaintiff.
*Burton Craige* and *Walter Murphy,* for the defendant.

WALKER, J., after stating the case. The argument in
this Court proceeded mainly upon the question whether there
had been a sufficient signing of the receipt, under the statute
of frauds, to bind the defendant. Upon this point our opin-
ion is with the plaintiff. It has been held in England, whose
statute (29 Charles II.) has been substantially copied by us,
that if the name of the party to be charged appears in the
memorandum, so as to be applicable to the whole substance of
the writing, and was written by the said party, or by his
authorized agent, it is immaterial where in the instrument the
name happens to be placed, whether at the top or at the bot-
tom, or whether it is merely mentioned in the body of the
memorandum, the statute not requiring that the name should
be subscribed. *Evans v. Hoare,* 1 Q. B. (1892), 593. The
principle, as thus stated, has been adopted by Clark in his
work on Contracts (2 Ed.), p. 89, and he cites numerous
cases to sustain it. To those he cites may be added *Higdon v.
Thomas,* 12 Md., 139. We think the same rule has been
approved by this Court in *Plummer v. Owens,* 45 N. C., 254,
in which case it appeared that the names of the vendor and the
vendee were written at the top of the memorandum, the latter
being in the form of an account. The Court held that the
memorandum would have been sufficient in other respects if
the description of the land had been more specific. See also,
*Clason v. Bailey,* 14 Johnson, 484, and the other cases cited in
Clark on Contracts (2 Ed.), p. 89, note 110. In our case
the name of the vendee was inserted in the paper by his own
direction, and it cannot be questioned that he fully intended
thereby to bind himself by the receipt as evidence of a con-
tract to buy the land, so far as a signing of the writing was
necessary for that purpose. *Cherry v. Long,* 61 N. C., 466,

seems to be directly in point.    It was not contended that the defendant was not bound by what his agent did in writing the receipt, though the latter's authority was given by parol. *Neaves v. Mining* Co., 90 N. C., 412, 47 Am. Rep., 529.

But we think there is a serious obstacle in the way of plaintiff's recovery.    The statute expressly requires a contract to sell land, or some note or memorandum thereof, to be put in writing and signed by the party to be charged therewith or by his lawfully authorized agent.    The Code, sec. 1554.    In order therefore to charge a party upon such a contract, it must appear that there is a writing containing expressly or by implication all the material terms of the alleged agreement, which has been signed by the party to be charged, or by his agent lawfully authorized thereto.    *Gwathney v. Cason,* 74 N. C., 5, 21 Am. Rep., 481, especially at page 10, where *Rodman, J.*, states the rule.    *Miller v. Irvin,* 18 N. C., 104; *Mizell v. Burnett,* 49 N. C., 249, 69 Am. Dec. 744; *Rice v. Carter,* 33 N. C., 298; *Neaves v. Mining Co.,* 90 N. C., 412; *Mayer v. Adrian,* 77 N. C., 83.    Many other cases could be cited from our Reports in support of the rule, but those we have already mentioned will suffice to show what is the principle and how it has been applied.    In commenting on the policy of the statute, so far as it affects the vendee, and answering a suggestion that the statute applies only to the vendor, who alone conveys the land or any interest therein, *Ruffin,* C. J., for the Court, in *Simms v. Killian,* 34 N. C., 252, says: "The danger seems as great that a purchase at an exorbitant price may by perjury be imposed on one who did not contract for it, as that by similar means a feigned contract of sale should be established against the owner of the land. Hence the act in terms avoids entirely every contract, of which the sale of land is the subject, in respect of a party, that is, either party who does not charge himself by his signature

to it after it has been reduced to writing." So, in a case where a stipulation that the vendee would open a street, which constituted a part of the price to be paid for the land, was not stated in the writing, it was held by this Court that the vendor could not recover for a breach of the stipulation, because, being a part of the price, it was also a part of the agreement, and was not evidenced by a writing which had been signed by the defendant. *Hall v. Fisher,* 126 N. C., 205; *Ide v. Stanton,* 15 Vt., 685, 40 Am. Dec., 698. The fact that the defendant in this case paid five dollars on the purchase-money and took possession of the land does not change the result. The doctrine of part performance is not now recognized by this Court.

The party to be charged upon a contract, within the meaning of the statute is the defendant in the action, or the party against whom it is sought to enforce the obligation of the contract. It is not the vendor, unless he occupies upon the record the position of the party who is called upon to perform his contract. "The object of the statute was to secure the defendant." *Pearson, J.,* in *Rice v. Carter,* 33 N. C., 298. See also, *Mizell v. Burnett,* 49 N. C., 249, 69 Am. Dec., 744; *Love v. Welch,* 97 N. C., 200; *Green v. Railroad,* 77 N. C., 95; *Love v. Atkinson,* 131 N. C., 544. Anything said in *Taylor v. Russell,* 119 N. C., 30, in conflict with this view of the statute cannot, we think, be sustained. *Green v. Railroad, supra,* which is cited in *Taylor v. Russell,* does not support the proposition that the vendee is not protected by the statute. In that case the plaintiff, who was the vendee, sued the defendant, who was the vendor, to recover the value of the wood which he agreed to give for the land at a stipulated price. The Court held merely that as the plaintiff had sued on the contract and the defendant had waived that statute he was bound by its terms and must recover, if at all, not the

value of the wood but the price agreed upon. He could not in such a case repudiate his contract, when defendant was willing to perform it. In support of this ruling, the Court cited *Mizell v. Burnett, supra,* which case directly sustains the doctrine as we have stated it. The defendant, therefore, can avail himself of the statute as the party to be charged.

This Court has held, it is true, that the consideration of the contract need not be stated. *Miller v. Irvine,* 18 N. C., 104; *Ashford v. Robinson,* 30 N. C., 114; *Thornburg v. Masten,* 88 N. C., 293; but in each of those cases the vendor was the defendant and the party to be charged. There is quite a difference between the price to be paid by the vendee and the consideration necessary to support the contract and enforce it against the vendor. The latter can be shown by parol, as at common law, and the writing, as said by *Ruffin, C. J.,* in *Miller v. Irvin, supra,* need not contain any matters but such as charge him, the vendor, that is, such stipulations as are to be performed on his part. He is to convey and the writing must be sufficient to show that this duty rests upon him as one of the parties to the contract when he is sought to be charged. The vendee is to pay a certain price, and the writing must likewise show his obligation—its nature and extent—when the action is against him. Clark on Contracts (2 Ed.), pp. 85, 86 and 87; *Williams v. Morris,* 96 U. S., 444. It must show the price, for, otherwise, the true contract of the vendee as to one of its essential terms would not be reduced to writing, and we could not see from the writing what it is so as to enforce it against him. If we permitted the vendor to supply this defect by parol proof, it would at once introduce all the mischiefs which the statute was intended to prevent. *Simms v. Killian, supra; Williams v. Morris, supra.*

The receipt in this case does not show the price. How then can the Court be informed as to what the price is, unless

it admits parol testimony to prove the fact.   To do so would be in direct violation of the statute—its letter and its spirit.

The judgment of nonsuit was properly granted in the Court below.

No Error.·

DOUGLAS, J., concurs in result only.