M. T. LEACH v. FOSBURGH LUMBER COMPANY.

(Filed 11 September, 1912.)

1. Contracts—Rights of Way—Deeds and Conveyances—Payment— Accepting Check—Explanation—Evidence.

Pending negotiations with defendant for the defendant to have the right of way for a lumber or logging road over his land, the plaintiff received a draft of a contract from defendant's attorney for a right of way for five years, together with his check for $275 to pay for it. The plaintiff returned the contract, refusing to grant the right of way for a longer period of time than one year for that sum, with privilege of renewing for another year at the same price, but indorsed the check and received the money for it. The defendant's attorney returned the contract to the plaintiff, instructing him to make such changes as he pleased, which plaintiff changed to a one-year period, with the privilege of renewal, returned it to the attorney, who delivered it to the defendant, who entered upon the land and occupied the right of way: *Held*, (1) plaintiff's indorsing the check was not sufficient to convey a right of way or other interest in his land; (2) not admitting plaintiff's evidence tending to explain his indorsement of the check, *i. e.*, that he did so to await further negotiations, and not as in payment for a five-year period, was error.

2. Rights of Way—Deeds and Conveyances—Acceptance—Terms and Conditions—Contracts—Evidence.

By accepting a conveyance of a right of way over lands, and by entering thereon and occupying the lands for the purpose named, the grantee is bound by the terms and condition of the deed; and, in this case, the question as to whether there was a contract entered into between the parties depends upon whether there was such an acceptance by the grantee.

3. Deeds and Conveyances—Rightful Entry—Willful Trespass—Exemplary Damages—Measure of Damages—Contracts—Payment —Accounting.

One who has entered upon the lands of another under contract with him for a right of way, but under a misunderstanding of

its terms, is not a willful trespasser, and cannot be held liable for exemplary damages, but for the value of the right of way and its use for the time of its occupation, and for any real injury that the land may have sustained in consequence; and the owner will be held to account for any moneys he may have received by virtue of the occupancy, with interest.

APPEAL by plaintiff from *Cline, J.,* at January Term, 1912, of HALIFAX.

Civil action to recover damages for entering upon the plaintiff's land and occupying a right of way across the same. The defendant claimed the right of way under a contract alleged to have been executed by the plaintiff.

The following issues were submitted to the jury:

1. Is the paper-writing set out in the complaint, providing for a one-year right of way and a one-year privilege, the contract and agreement entered into between the parties hereto? Answer: No.

2. Is the paper-writing originally prepared by Joseph P. Pippin, providing for a five-years right of way and a five-years extension privilege, the contract and agreement between the parties, as alleged in the answer? Answer: Yes.

3. Has the defendant failed and refused to comply with its agreement, as alleged in the complaint? Answer: ..........

4. Is the defendant trespassing upon plaintiff's lands, as alleged in the complaint? Answer: ..........

5. What are the plaintiff's damages? Answer: ..........

From the judgment rendered, the plaintiff appealed.

*Mason, Worrell & Long, and George C. Green for plaintiff.*
*W. E. Daniel, E. L. Travis, and R. C. Dunn for defendant.*

BROWN, J. The defendant was negotiating with the plaintiff for a right of way across his lands in Halifax County, and the question to be determined is whether the defendant acquired any title thereto. The desired right of way was three-quarters of a mile long and was to be used for a lumber road to haul out the defendant's logs. The negotiations were conducted with the plaintiff by one Joseph Pippin, an attorney.

The evidence shows that Pippin prepared a contract for a five-years right of way and sent it to Leach, together with a check for $275. The plaintiff requested the court to instruct the jury substantially in the fifth and sixth prayers for instruction that there was no sufficient evidence that Leach executed or assented to the contract for five years as first prepared and sent to him, and that the jury should be directed to answer the second issue "No." His Honor refused to give this instruction, and in so doing we think he was in error.

The evidence shows that when the plaintiff received the five-year contract he placed the check in the bank for collection for his credit, and that he returned the contract for five years to Pippin, refusing to sign it. The plaintiff testified that he told Mr. Gray, defendant's agent, that he would not sign a contract for any specific number of years beyond one.

It is further in evidence, by the testimony of Pippin, himself, a witness for the defendant, that he returned the contract to the plaintiff with instructions to make such changes as he saw fit, and that the plaintiff changed it to its present form, then executed and returned it to Pippin, who delivered it to the defendant's agent. As returned to Pippin, as delivered to the defendant, and as executed by the plaintiff, the contract conferred a right of way for one year for the consideration of $275, with the right of renewal for one additional year upon the payment of the further sum of $275.

There is no evidence whatever that the plaintiff ever executed any other contract than this. A mere indorsing of a draft for money and placing it in the bank for collection upon the part of the plaintiff would not be sufficient of itself to convey a right of way or any other interest in the plaintiff's land. This is not such a memorandum as fulfills the requirement of the statute. Pell's Revisal, sec. 976, and cases cited. *Hall v. Misenheimer,* 137 N. C., 186.

The act of receiving the check and depositing it in the bank for collection is an act which in itself is open to explanation. Clark on Contracts (2 Ed.), page 27. This opportunity to explain why he deposited the check was denied to the plaintiff, and is the basis of one of his exceptions.

All the evidence, we think, shows that the plaintiff deposited the check in the bank to his credit, being admittedly solvent, to await the result of further negotiations. That he did not accept it in payment for five-years contract for the right of way is conclusively shown by the admitted fact that he at once returned the contract to Pippin, refusing to execute it in its then form. Besides, he had also informed Mr. Gray, the defendant's agent, he would not sign a contract for five years.

It appears in evidence that when the plaintiff received the contract from Pippin and changed its form to one year and signed it and returned it to Pippin, that Pippin delivered it to the defendant's agent.

The question then to be determined is, Did the defendant, after receiving this contract from Pippin, as executed by the plaintiff, accept it and enter upon the plaintiff's lands and prosecute his work under it? If so, the defendant would be bound by it and compelled to perform it, for one who accepts a deed is bound by its terms and conditions. *Fort v. Allen,* 110 N. C., 184.

If the jury should find that the defendant did not accept the contract as finally executed and returned by the plaintiff, and did not act under it, then there would be no contract in existence between the plaintiff and the defendant, no coming together of two minds, and the parties would stand upon their legal rights as if no contract had been attempted to be made.

We do not think in any view of the evidence that the defendant can be held to be a willful trespasser, for he entered upon the land by the plaintiff's permission, although there seems to have been a misunderstanding as to terms.

Such being the case, it would be liable to the plaintiff for the value of the right of way, its use and occupation, and any real injury that the land had sustained in consequence of such occupation, but the defendant could not in any view be held for exemplary damages.

At the same time the plaintiff must necessarily account for the $275 and interest thereon accruing since he received it.

We are of opinion that a new trial should be had, to the end that proper issues be submitted to the jury.

New trial.