T. RALPH YOUNG and SARAH C. YOUNG v. T. P. YOUNG and
GWENDOLYN J. YOUNG.

(Filed 28 February, 1951.)

**Partnership § 12—**

Where consent judgment entered in an action for dissolution of a part-
nership provides that the real estate should be divided by agreement of
the parties, or, if the parties failed to agree, the property should be sold
for division, *held:* a proposal for division submitted in writing by the
attorney of one of the partners in accordance with a written memorandum
drawn up by the partner, and accepted in writing by the attorney for the
other partner, may be specifically enforced by such other partner upon
motion and petition in the cause.

APPEAL by defendants from *Rousseau, J.,* September Term, 1950, of
BUNCOMBE. Affirmed.

This was suit for the dissolution of a partnership between T. Ralph
Young and T. Plato Young and for the settlement of individual property
rights incident thereto.

At June Term, 1950, a consent judgment was entered by Judge Pless
wherein Don C. Young of counsel for plaintiffs and Ellis C. Jones of
counsel for defendants were appointed commissioners to sell certain per-
sonal property. As to the real property belonging to the partnership the
judgment provided that "the parties to this action shall have a reason-
able time within which to come to an agreement relative to the real estate
which is admitted to be assets of the partnership" with further provision
that in the event the parties fail to come to an agreement, either party
might apply to the court for an order to sell.

Thereafter the defendant T. Plato Young through his counsel sub-
mitted in writing a proposal for division of the real property between
plaintiffs and defendants, dividing the property into groups 1 and 2, with
privilege to the plaintiff T. Ralph Young "to take his choice." By letter
Don C. Young as counsel for plaintiffs notified defendants' counsel that
plaintiffs accepted the proposal, and chose group 2 as specified.

The defendants later failed to comply with the proposal and declined
to execute deeds.

Plaintiffs then filed in the cause a verified petition and affidavit setting
out the facts and praying for an order of court directing defendants to
carry out the terms of the agreement and to execute deeds for property
embraced in group 2 upon plaintiffs' delivering deeds for property em-
braced in group 1. To this petition and motion defendants filed no
answer, reply or affidavit.

YOUNG *v.* YOUNG.

Coming on to be heard after notice at the September Term, 1950, Judge Rousseau, then presiding, rendered the following judgment:

"That said action was instituted by the issuance of the summons by the plaintiff, T. Ralph Young, against the defendants on the ........... day of April, 1950, and was duly served on each of said defendants on the ........... day of ................. ....., 19........; that thereafter, upon motion of the defendants, the co-plaintiff, Sarah C. Young, was made a party plaintiff; that thereafter the plaintiffs, through their counsel, made a written motion for the appointment of a receiver of said partnership business and assets, and the same coming on to be heard before Hon. J. Will Pless, Jr., Judge then presiding at the June 1950 Term of the Superior Court and pending a hearing thereon said parties and their counsel agreed to a Consent Judgment, which was entered by the Court on the..... .....day of June 1950, in which one of the attorneys for the defendants, Ellis C. Jones, and one of the attorneys for the plaintiff, Don C. Young, were appointed and designated as Commissioners for certain purposes designated and set out in said Consent Order; that among the various and sundry duties set forth in said Consent Order is what is denominated therein as subsection C as follows: 'The parties to this action shall have a reasonable time within which to come to an agreement relative to the real estate which is admitted to be assets of the partnership'; that in accordance with said provision the defendants, through their said authorized attorney, Ellis C. Jones, their Commissioner designated in said Consent Order, made a written proposition to the plaintiff in which said defendants divided the admitted real estate belonging to said partnership into two groups, and directed that the plaintiffs could accept either one of said groups, and upon the acceptance thereof plaintiffs and defendants would enter into any and all things necessary to carry into effect said division of said real estate agreed upon. That Group One and Group Two contained in said written proposition are as follows:

"GROUP ONE:

   Filling Station and Barber Shop
   Sewing Room Building (brick)
   Banks lot—title in both names
   Wheeler lot—title in both names
   Stepp House.

"GROUP TWO:

   Three buildings adjoining store
   Lots in rear of store—in case Ralph Young
   takes this group, he to convey to Plato
   Young one lot immediately back of store,
   twenty-five feet wide for $25.00

Jarvis house
Warlick house
Ox Creek property (sixteen acres)
Vacant lot near Swann's.

"That thereupon plaintiffs, through their counsel and Don C. Young, Commissioner, in writing accepted Group Two, and so informed the attorney and Commissioner for the defendants in writing July 12, 1950; that thereafter, in accordance with said written agreement, pursuant to the written order of the Court and consent by both plaintiffs and defendants, the plaintiffs offered to carry out and fully perform the terms of said offer by the execution and delivery to the defendants of a proper deed of conveyance for all of said real estate contained in Group No. One, and demanded of the defendants that they execute and deliver to the plaintiffs a good and sufficient deed of conveyance for all of the property described in Group No. Two, which offer has been refused by the defendants. And in clarification of said offer and acceptance, it was agreed that the lot which the plaintiff was to convey to defendant, Plato Young, for the sum of $25.00 located back of the storeroom, was of the size and description set forth in the Petition herein, and also as described by metes and bounds in the judgment.

"Thereupon, the plaintiff, T. Ralph Young, for and on behalf of himself and his co-plaintiff, filed a duly verified petition to be used as an affidavit in said entitled cause on the 5th day of August 1950; and at the same time his counsel prepared a notice to the counsel for the defendants, giving notice that said matter would be heard upon said petition before the Judge presiding over the Superior Court of Buncombe County on August 17, 1950, at 9:30 A.M., or as soon thereafter as the Judge could hear the same, and said notice, together with a copy of the petition and affidavit attached, were acknowledged as received by Ellis C. Jones, Attorney for the defendants, on the 7th day of August 1950, and that said defendants have not filed any answer to said petition or any affidavits in said cause; and the Court finds as a fact that each and all of the statements contained in said petition are true. That said matter came on for hearing by agreement of the defendants and plaintiffs, and being the first time that the matter could be heard before the Judge of the Superior Court on the 5th day of September 1950, at 2 o'clock P.M. as aforesaid, that during the hearing thereof and in open court at said time, the said Ellis C. Jones, one of the attorneys for the defendants and commissioner appointed by the court, admitted in open court that the written proposal which he had submitted to Don C. Young, one of the attorneys for plaintiffs and the other commissioner, was authorized and directed by the defendant Plato Young, by the said Plato Young sending to the office of

said commissioner the written memorandum containing the said proposition of the division of said real estate, and that the said Plato Young afterwards in response to a telephone conversation with said Ellis C. Jones, commissioner, ratified and reaffirmed said offer of division so made in writing:

"It-is, therefore, ordered, adjudged and decreed:

"1. That the plaintiffs and defendants have agreed upon the division of the real estate admitted by both plaintiffs and defendants to be assets of said partnership, in which division the defendants are to, become the owners of and entitled to the immediate possession of the real estate described in Group One, and the plaintiffs are the owners of and entitled to the immediate possession of the real estate described in Group Two of said division.

(Here follows particular description of the property embraced in the two groups.)

"It is further ordered, adjudged and decreed that plaintiffs .and defendants shall have thirty (30) days from this date in which to make and execute deeds of conveyances, each to the other, of said described tracts of land designated as Group One and Group Two, in accordance with this judgment, and possession of said pieces or parcels of land respectively awarded under this decree and judgment shall be given to each of said parties as of October 1, 1950.

"5. It is further ordered, adjudged and decreed that if plaintiffs or defendants fail and refuse to execute and deliver good and sufficient conveyances in accordance with this judgment and decree as aforesaid within the time specified, then either of said parties may register or cause to be registered, this judgment and decree in the office of the Register of Deeds for Buncombe County, and thereupon said judgment and decree shall be and constitute a full conveyance of said described properties between said parties in accordance with said division and said judgment."

To this judgment and the findings of fact therein set forth the defendants excepted and appealed.

*Don C. Young and Williams & Williams for plaintiffs, appellees.*
*Ellis C. Jones and Guy Weaver for defendants, appellants.*

DEVIN, J. It is apparent that the parties hereto, their counsel and the Judges who successively heard this matter had in mind an amicable adjustment and division of the real property which had belonged to the dissolved partnership. However, the parties are not now in accord, and the question whether the proposal and acceptance appearing in the record constituted a valid and enforceable agreement with respect to described real property is presented to this Court for decision. Upon the record

MOTOR CO. *v.* INSURANCE CO.

before us we are of opinion that the question should be answered in the affirmative, and that the judgment of Judge Rousseau should be upheld. *Hall v. Misenheimer,* 137 N.C. 183, 49 S.E. 104.

The judgment appealed from appears to have been based upon the record and the facts set out in plaintiffs' verified petition to which no answer or counter-affidavit was interposed. The facts stated in plaintiffs' petition the court found to be true, and the court also took into consideration admissions made by counsel for defendants in open court at the hearing. *Coker v. Coker,* 224 N.C. 450, 31 S.E. 2d 364; *Gardiner v. May,* 172 N.C. 192, 89 S.E. 955. Hence, the only question posed for us on this record is whether the uncontradicted evidence presented was sufficient to support the judgment. We think it was, and that the judgment should be affirmed. It is so ordered.

Affirmed.