HODGES BROS. et als. v. H. T. LASSITER et als.

*Certiorari.*

Where the appellant serves his case on appeal in apt time, and the appellee files objections to it, and the appellant at once notifies the Judge, and asks him to fix a time and place to settle the case on appeal, which the Judge fails to do, a *certiorari* will be granted to bring up the appeal.

MOTION by the plaintiff for a writ of *certiorari*, heard at the February Term, 1886, of the SUPREME COURT.

The action was tried at Spring Term, 1885, of the Superior Court of HERTFORD county, before *Shipp, Judge*, and a jury, and resulted in a judgment for the defendant.

The facts appear in the opinion.

*Messrs. B. B. Winborne* and *R. B. Peebles*, for the plaintiffs.
*Messrs. D. A. Barnes* and *W. D. Pruden*, for the defendants.

MERRIMON, J.  It appears that a judgment was entered against the appellants in the Superior Court, from which they appealed.  Their counsel duly stated their case upon appeal for this Court, and served a copy thereof on the appellee's counsel, who objected to the same, and suggested amendments in writing thereto.  The Judge who presided at the trial, was promptly notified of such disagreement, and requested to designate a time and place when and where he would settle the case upon appeal.  This he neglected to do.  Shortly afterwards, he was reminded by the appellants counsel that he had failed to settle the case, and he was again requested to do so, but he still failed and refused in that respect, for what cause does not appear.

The appeal was brought up to the last October Term of this Court, and at that term, the appellant applied for the writ of *certiorari*, to be directed to the Judge, commanding him to settle the case upon appeal, and certify the same to this Court.

The facts are not disputed, and accepting them as true, it was the plain and imperative duty of the Judge to settle the case upon appeal, after having given the counsel of the parties notice of the time and place when and where he would do so.  That he did not, is matter of surprise to us.  We cannot suppose, and hesitate to believe, that a Judge would wilfully refuse or neglect to discharge a plain official duty.  We prefer, in the present state of the matter, to attribute his apparent neglect to some misapprehension of fact, or excusable inadvertence, which he will no doubt be prompt to correct upon notice, and it is probable that he will at once settle the case according to law.  In any case, he should have opportunity to do so, before granting such measure of relief as would imply a gross neglect of duty on his part.

We do not deem it necessary here, to indicate the precise remedy applicable in possible cases, where the Judge wilfully refuses to settle a case upon appeal.  It will be sufficient for the present, to grant the writ of *certiorari*, to be directed to the Clerk of the Superior Court, commanding him to certify to this Court the case settled upon appeal, when and as soon as the

Judge shall file the same, and to certify a copy of this opinion to the Judge whose duty it was to settle the case. If then he shall still fail and refuse to do so within a reasonable time, the appellant will be at liberty to apply for further relief in this behalf. It is so ordered.

*Certiorari ordered.*