ALEXANDER DOBSON et al. v. ALBURTO WHISENHANT.

*Evidence—Maps and Surveys—Boundary—Judge's Charge.*

1. While maps of a survey not made in pursuance of an order of the Court are inadmissible as evidence *per se,* they may be used by a witness under examination to explain and elucidate his testimony.

2. Where the plaintiff deduced his title from a grant issued in 1815, and the defendant from one issued in 1817, and one of the deeds forming the chain of plaintiffs' title, dated in 1870, called for the lines of the land claimed by the defendant : *Held,* that in the absence of any evidence of adverse possession on part of the defendant, and there being conflicting evidence as to the location of the lines, it was not error in the Court to refuse to instruct the jury that the plaintiff's claim was confined to the lines of defendant's lands ; but an instruction that, as he claimed under the grant of 1815, the lines thereof were the ones to determine the controversy, was proper.

CIVIL ACTION, to recover possession of land, tried before *Merrimon, J.,* at Spring Term, 1888, of BURKE Superior Court.

The case on appeal is as follows:

" To show the location of the land in dispute the plaintiffs introduced as a witness D. F. Denton, who testified that he was County Surveyor of Burke; that he surveyed the calls of the grant under which plaintiffs claim in the fall of 1881. Witness was then handed a map of the survey made by him in 1881. Defendant's counsel objected to the use of the map by witness in giving his testimony to the jury, upon the ground that the survey was made in 1881, not in pursuance of any order made in this action, and that there had been orders of survey made. There was no map of any survey * * * * shown, nor was it suggested that there was any map in existence, or that any such survey had ever been made.

The Court overruled defendant's objection to the use by the witness of the map, * * * * stating at the time that the map itself was not evidence, but that the witness might use it to explain his testimony to the jury. Defendant excepted.

The plaintiff introduced in evidence a deed from E. J. Erwin, Clerk and Master, &c., to the plaintiffs in this action, dated November 7th, 1870, and this deed was relied on by the plaintiffs to show title in themselves, through a regular chain, from the State.

S. E. Conley, a witness on behalf of the plaintiffs, testified, without objection, that he knew the lines of this deed, and that they embraced the land in dispute.

After the evidence on both sides was all in, and the argument of one of the defendant's counsel had been made, the Court was asked to instruct the jury on behalf of defendant as follows:

' That as the deed to the plaintiffs of date 1870, and under which they. claim, calls for Isaac T. Avery's line, and adopting said line, running with said line, the plaintiffs' boundary must be settled by first ascertaining the boundary of said Avery's tract, and that would locate the plaintiffs' boundary, and that if the jury find that said Avery's line covers all the

land of which defendant was in possession at the commencement of this action, plaintiffs cannot recover.'

The grant from the State under which the plaintiffs claim, was to one Abraham Corpening, and was issued December 5th, 1815, upon an entry dated January 1st, 1814. The plaintiffs' witness, S. E. Conley, testified that he knew the land—knew its corners; that he was present at the survey made in 1881, and pointed out every corner; and the witness Denton testified that the defendant was in possession inside of the boundary of this grant. Conley, on cross-examination, said he knew the lines of the I. T. Avery lands.

The grant relied upon by the defendant was issued by the State to Waightstill Avery in November, 1817, upon an entry made on the 4th day of January, 1814.

The Court declined to give the special instructions asked for, and defendant excepted. No other exceptions were taken by the defendant. As there were no exceptions to the charge to the jury, it is not set out in the case."

Verdict for plaintiffs. Judgment, and appeal by defendant.

*Mr. Jno. Gray Bynum,* for the plaintiffs.
*Mr. J. T. Avery* (filed a brief), for the defendant.

DAVIS, J. (after stating the case.) All the evidence is sent up with the record. This is useless, for the findings of fact upon the issues submitted to the jury are final, and we cannot review or revise these findings; nor can we review the evidence or pass upon the correctness of the verdict of the jury. Only so much of the evidence as is necessary to a clear understanding of the exceptions taken, and of the questions of law involved, should be sent up with the record.

Only two exceptions are presented:

First: To the use of the map or survey by the witness Denton. As we understand the ruling of his Honor, the map or survey was not admitted as evidence, and it was

inadmissible as such. *Jones* v. *Huggins,* 1 Dev., 223; *Dancy* v. *Sugg,* 2 D. & B., 515. But it was clearly competent for the purpose of enabling the witness to explain his testimony and enabling the jury to understand it. Diagrams, plats and the like are of frequent use for this purpose in the trial of causes, and for such purpose the use of the map in question was admissible. *State* v. *Whiteacre,* 98 N. C., 753.

The second exception was to the refusal of his Honor to charge as requested, and it is insisted by counsel for defendant that, as the deed under which the plaintiffs claim calls for the Isaac T. Avery line as one of the boundaries, and one of the witnesses testified, as appears in evidence, that "this boundary (meaning Avery's) covers the land where defendant lives," the case of *Cansler* v. *Fite,* 5 Jones, 424, is conclusive.

This might be so if there were no conflicting evidence, but as there was conflicting evidence it was the sole province of the jury, under the instructions of his Honor as to the law applicable, to ascertain where the boundary lines of the land in controversy were.

When there is a call for the lines of a prior deed or grant, which are known and established, these lines will ordinarily control, but if not known and established they must be ascertained and governed by the calls in the grant or deed, under and through which the person holding the prior deed derives his title. *Carson* v. *Burnett,* 1 D. & B., 546; *Blount* v. *Benbury,* 2 Hay, 542; *Fruit* v. *Brower,* 2 Hawks, 337.

The boundaries called for in the oldest grant, where the title has not been affected by adverse possession or by adverse possession under color of title, must control.

In the case before us the plaintiffs claim title under the grant of December 5th, 1815, upon an entry made January 1st, 1814, and the deed of 1870 was a link in their chain of title. The defendants claim through the grant of November, 1817, upon an entry made January 4th, 1814. In the

absence of such adverse possession or possession under color of title, the true lines would be those of the grant of 1815, and as the evidence was conflicting it was properly left to the jury to say where the true boundary lines were, and there was no error in refusing the instructions asked. " It is not the duty of the Judge to charge upon any single selected fact, but to charge the law on the case with reference to all the facts as the jury may find them." *Wilson* v. *White*, 80 N. C., 280. There was no exception to the charge of his Honor, as given, and it is to be assumed that he did this.

There is no error.                    Affirmed.