ARMISTEAD BURWELL et al. v. W. M. SNEED et al.

*Cart-way—Evidence—Opinion—Maps.*

1. Maps which are not public maps, or not made in pursuance of any order in a cause, are not *per se* evidence of the facts which they represent. Under proper circumstances, their use may be permitted to aid a witness in explaining his testimony.

2. Upon the trial of an issue whether a proposed cart-way was necessary and reasonable, the opinions of witnesses are not competent, the question not being one of science, peculiar skill or professional knowledge.

3. The fact that there is no public road leading to the premises upon which a petitioner for a cart-way resides, and that such way will be more convenient to him, will not warrant its establishment; it must be made to appear further that petitioner has no other way of egress and ingress, and that it is necessary, reasonable and just.

This was AN ISSUE, made upon a petition for a cart-way, tried upon appeal, before *Armfield, J.,* at May Term, 1889, of VANCE Superior Court.

It appears that the principal petitioner is the owner of a tract of land embracing 148 acres, and an additional adjoining tract of eight acres, on which is situate a grist-mill; and that Corbin Burwell, who joins in the petition, is a tenant of the principal petitioner and cultivates three or four acres of the smaller tract. A public road passes by, and there is out-let to it from the larger tract mentioned, but no public road touches, passes through, or leads from the smaller tract.

The petitioners, alleging the material facts, pray that a cart-way be kept open across the lands of the defendants, leading from the smaller tract to the Townesville road, which is a public road. The defendants made opposition to the petition, alleging that the petitioners had sufficient out-let, and that the cart-way prayed for was not " necessary, reasonable and just," &c. Issues of fact were raised.

BURWELL *v.* SNEED.

" On the trial in the Superior Court, the plaintiffs offered to introduce a map of the lands of Burwell, made by the surveyor appointed by the Court of Mecklenburg County, Virginia, to survey said land for partition, upon which was shown the various roads alluded to. Defendants objected ; objection sustained ; plaintiffs excepted.

" They also, proposed to ask witness if, in his opinion, it would be necessary, reasonable and just to plaintiffs to have the road opened as prayed for. Defendants objected ; objection sustained ; plaintiffs excepted.

" There was evidence tending to prove that the tenant petitioner had a way by which he could reach a public road over the principal tract mentioned, but it was not a very good one, was longer and less convenient, especially to patrons of the grist-mill situate on the smaller tract."

The jury found by the verdict, that " there was no public road leading to the land (the smaller tract), and that it was not necessary, reasonable and just that the cart-way should be laid out over the lands of the defendants."

Upon the conclusion of the testimony, the plaintiffs requested his Honor to charge the jury that, taking all the evidence together, the defendants had shown no sufficient reason why the cart-way should not be granted, which request his Honor declined.

Plaintiffs then asked his Honor to charge the jury that, taking the testimony altogether, they had shown the cart-way was necessary, reasonable and just, and they should find the second issue in favor of the plaintiffs. His Honor declined to charge as requested.

To the refusal of which prayer, plaintiffs excepted.

" The plaintiffs moved for judgment upon the verdict, upon the ground that the first issue having been found in their favor, that there was no sufficient testimony to warrant the jury in finding the second issue in favor of defendants. Motion overruled ; plaintiffs excepted."

"Plaintiffs then moved for a new trial, upon the ground of error in excluding testimony offered by them and admitting incompetent testimony in favor of defendants, and in refusing to give instructions prayed for, and in giving those in the charge of his Honor. Motion overruled; plaintiffs excepted."

The Court gave judgment for the defendants, and the plaintiffs appealed.

*Messrs. A. W. Graham & R. W. Winston,* for the plaintiffs. *Mr. A. C. Zollicoffer,* for the defendants.

MERRIMON, J. (after stating the case). The first and second exceptions cannot be sustained. The map was offered in evidence to prove the existence and location of certain alleged roads designated on it by appropriate indicia. It was not a public map, nor was it made in pursuance of an order of survey made in this case, nor was it to be used, so far as appears, simply to help a witness testifying to explain his testimony to the Court and jury. It had no sanction or quality that made it of itself evidence. *Jones* v. *Huggins,* 1 Dev., 223; *Dobson* v. *Whisenhant,* 101 N. C., 645.

The inquiry before the Court did not involve any question of science, peculiar skill, or professional knowledge. Whether it is necessary, reasonable and just that a particular cart-way shall be allowed, involves facts plain and simple in their nature and application, that ordinary jurymen readily understand and appreciate. In such cases and matters, witnesses must testify as to facts; their opinions are not required nor allowed. *Bailey* v. *Pool.,* 13 Ired., 404; *DeBerry* v. *The Railroad Co.,* 100 N. C., 310.

The Court properly declined to give the jury the special instructions asked for, because there was evidence before them tending to prove that the cart-way was not necessary;

that the petitioner, the owner of the land, had placed his co-petitioner and tenant on a part of the smaller tract of land with the view to enable him to obtain the cart way for his own convenience, and that he and his tenants had an outlet, more than one, to a public road, though by a longer, rougher and not so convenient a route as that proposed, and it was for the jury to determine the weight of this evidence, under proper instructions from the Court. There was much evidence, more or less conflicting as to the necessity for the cart-way, as contemplated and allowed by the statute. (*The Code* § 2056).

The plaintiff seems to have thought that, inasmuch as the jury found by their verdict that there was no public road leading to the smaller tract of land, on which the tenant resided, they should have found further, as a consequence, that the proposed cart-way was "necessary, reasonable and just." This is a misapprehension of the law applicable. The petitioner is not entitled to have a cart-way simply upon the ground that no public road leads to his land, or because it will be more convenient for him to have it; it must appear, further, that it is "necessary, reasonable and just" that he shall have it; that he resides on the land and has no way to get to and from a public road without it. *Lea* v. *Johnston*, 9 Ired., 15; *Caroon* v. *Doxey*, 3 Jones, 23; *Burgwyn* v. *Lockhart*, 1 Winst., 269; *State* v. *Purify*, 86 N. C., 681; *Warlick* v. *Lowman*, 103 N. C., 122.

As we have seen, there was evidence from which the jury might have found, as they did, that the cart-way was not necessary, that really the owner of the land, and not the tenant, wanted it, and that he had an outlet directly from his land to a public road. It was the province of the jury, under proper instructions from the Court, to so find, or to find otherwise from the evidence submitted to them.

The plaintiff further excepted, generally, that the Court admitted incompetent evidence in favor of the defendant,

and in the instructions it gave the jury, but no error is specified in terms or by reasonable implication. Such exception is so uncertain and indefinite that it must go for naught. *McDonald* v. *Carson*, 94 N. C., 497; *Hammond* v. *Schiff*, 100 N. C., 161; *Dugger* v. *McKesson*, 100 N. C., 1; *Lytle* v. *Lytle*, 94 N. C., 522; *Pleasants* v. *Railroad*, 95 N. C., 195.

Affirmed.