COWLES v. LOVIN.

(Filed May 24, 1904).

1. DOCUMENTARY EVIDENCE—*Ejectment.*

Plats and certificates of a survey, not being identified or explained, are not competent evidence to show the location of land.

2. EVIDENCE—*Admissions—Harmless Error.*

The admission of incompetent evidence, which is subsequently excluded, is harmless error.

3. EXCEPTIONS AND OBJECTIONS—*Instructions—Appeal—Case on Appeal.*

Where the case on appeal states that an instruction was not given as set forth in an exception, it will not be considered.

4. INSTRUCTIONS—*Exceptions and Objections.*

The mere omission to charge on a particular point is not ground for exception after verdict, unless the court was requested in apt time to give the instruction.

ACTION by Calvin J. Cowles against S. B. Lovin, heard by *Judge W. A. Hoke* and a jury, at Fall Term, 1903, of the Superior Court of GRAHAM County.    From a judgment for the defendant the plaintiff appealed.

COWLES *v.* LOVIN.

*Dillard & Bell* and *T. A. Morphew,* for the plaintiff.
*E. B. Norvell,* for the defendant.

WALKER, J.   This action was brought to recover posses-
sion of several tracts of land described in the complaint.   The
plaintiff, in support of his title and right to possession, intro-
duced in evidence certain grants and mesne conveyances con-
necting his title with those grants.   There was evidence tend-
ing to show that the grants and deeds covered the *locus in quo.*
The defendant resisted the plaintiff's recovery upon the
ground (1) that it had not been sufficiently shown that his
paper title embraced the land in dispute, and (2) that the
defendant and those under whom he claimed had been in
adverse possession of the land for seven years under color of
title.   The Court held that there was no evidence to sustain
the defendant's second ground of defense, and, that being
eliminated, the case turned entirely upon the question
whether the plaintiff had sufficiently located the grants under
which he claimed the land.   The Court charged the jury
fully on the question of boundary, and left it to them upon
the evidence to say whether the descriptions in the grants
introduced by the plaintiff included the disputed land.   The
jury, in answer to the issue submitted to them, found that
they did not, and, judgment for the defendant having been
entered on the verdict, the plaintiff excepted and appealed.
In order to locate the grants the plaintiff offered in evidence
certificates of survey made by H. P. Hyde to which certain
plats were annexed.   The certificates were in the handwrit-
ing of Hyde, who was County Surveyor when they were
made.   Hyde was living in the State of Texas at the time of
the trial.   The defendant objected to this evidence and it
was excluded.   This is the subject of the plaintiff's first
exception.   The deposition of Hyde, who had made a survey
under order of the Court in this case, was taken and read at

the trial, but no reference was made therein to the plats and certificates. The latter show the location of the tracts of land as claimed by the plaintiff. It was not shown, or at least it does not appear in the case, at what time or under what circumstances or for what purpose the plats and certificates were made by Hyde. He was examined as a witness before a commissioner, and his deposition was a part of the evidence. It does not appear therefrom that he was asked any question in regard to the plats and certificates, or that any attempt was made to identify or explain them so as to make them admissible under any known rule of evidence. They are nothing more than the written declarations of a third person, who is living, as to the boundaries of the land. After a most careful consideration of the argument and authorities cited by the plaintiffs in support of the competency, we do not see upon what principle they are admissible. The ruling of the Court by which they were excluded was correct. *Burwell v. Sneed,* 104 N. C., 118; *Dobson v. Whisenhant,* 101 N. C., 645; *Ray v. Castle,* 79 N. C., 580; *Perkins v. Brinkley,* 133 N. C., 348. This was the principal exception of the plaintiff, as we take it.

The second and third exceptions are manifestly untenable. The will of Hooper and the deed of Carver, Sheriff, to Cooper, were introduced by the defendant, and as they were excluded by the subsequent ruling of the Court from the case, the error, if there was any, in admitting them originally, was cured or, at least, was harmless.

It is stated in the case that the instruction of the Court as to the rule admitting hearsay evidence of boundary is not correctly set out in the plaintiff's fourth exception. This statement is sufficient to dispose of the exception, but we have examined the charge of the Court to which we suppose the fourth and fifth exceptions were taken and find no error therein. We think the Court distinguished properly between

reputation and hearsay evidence in respect to the location of boundaries. *Dobson v. Finley,* 53 N. C., 495; *Shaffer v. Gaynor,* 117 N. C., 15; *Westfelt v. Adams,* 131 N. C., 379. If there were any error in the charge relating to reputation and hearsay as proof of boundary we do not see how the plaintiff could be prejudiced by it. No phase of the case is presented in the record, as it appears to us, to which the exception, if otherwise properly taken, could be pertinent.

The remaining exceptions are based upon the alleged failure, not the refusal, of the Court to give certain specified instructions. The rule, without any exception applicable to this case, is that a mere omission to charge upon a particular point is not ground of exception after verdict unless the Court was requested in apt time to give the instruction. *McKinnin v. Morrison,* 104 N. C., 354; *Russell v. Railroad,* 118 N. C., 1098; *Howard v Turner,* 125 N. C., 107; Clark's Code (3 Ed.), pages 535, 536.

The issues were sufficient to support the judgment, and they afforded the plaintiff ample opportunity to present any phase of the case arising upon the evidence. This is all that is required in submitting issues to the jury. We have not been able to discover any error in the rulings of the Court.

No Error.