J. S. H. CHAUNCEY v. W. W. CHAUNCEY.

(Filed 14 September, 1910.)

1. **Appeal and Error — Settling Case — Request to Judge — Time Allowed.**

Upon receipt of appellee's exceptions or countercase, the appellant now has fifteen days in which to request the judge to fix a time and place to settle the case on appeal. Chapter 312, Laws 1907.

**2. Same—Certiorari—Procedure.**

The appellant having requested the judge, in ample time, to settle the case on appeal, he is entitled to a *certiorari*, to the end that the judge now settle the case.

MOTION in Supreme Court for *certiorari* to the end that the trial judge may settle case on appeal. Defendant's appeal.

*W. M. Bond* for plaintiff.
*W. C. Rodman* for defendant.

CLARK, C. J.   Under the original C. C. P. the appellant was allowed five days after entry of appeal to serve his case on appeal, and the appellee was allowed three days after such service to serve his exceptions or countercase. By successive amendments this was changed to fifteen days for appellant and ten days to appellee (Rev., 591).

The further provision that the appellant, upon receipt of appellee's exceptions or countercase, should "immediately" request the judge to fix a time and place for settling the case on appeal remained unaltered in Revisal, sec. 591. But ch. 312, Laws 1907, have since provided that "if the appellant shall delay longer than fifteen days after the appellee serves his countercase or exceptions to request the judge to settle the case," the appellee's countercase or exceptions shall be taken as correct. The effect of this is to substitute "fifteen days" in lieu of "immediately" as the time in which the appellant, after receipt of appellee's exceptions, can make his request to the judge, though it is not expressly so stated.

The appellant in this case having made such request to the judge within eleven days after receipt of the appellee's exceptions, was entitled to have his request granted. This not having been done he is entitled to his *certiorari* to the end that the judge may now "settle the case."

Motion allowed.