### J. G. LAYTON v. E. J. GODWIN.

.(Filed 24 October, 1923.)

**Appeal and Error—Burden to Show Error—Record—Omissions—Statute of Frauds—Statutes—Certiorari—Motions.**

The appellant must show error on appeal; and where he relies upon the insufficiency of letters from the grantor of lands to meet the requirements of the statute of frauds (C. S., sec. 988), the contents of these letters must be made by him to appear in the record on appeal; and the fact that he noted on his case served that the Superior Court clerk, "here copy" the letters, does not legally excuse their omission. In this case a motion for *certiorari* to correct the record, if it had been made, would have been denied. C. S., sec. 630.

APPEAL by defendant from *Devin, J.,* at March Term, 1923, of CUM-BERLAND.

Civil action, to recover damages for breach of contract, alleged to have been made in connection with the sale of certain lands at public auction.

Verdict and judgment in favor of plaintiff. Defendant appealed.

*Charles G. Rose and Godwin & Williams for plaintiff.*
*H. L. Godwin and Clifford & Townsend for defendant.*

STACY, J. Plaintiff brings this suit to recover of the defendant the purchase price of certain lands, alleged to have been sold at public auction, and at which sale the defendant became the last and highest bidder. Recovery is resisted upon the ground that the contract is not in writing. The court below was of opinion that certain letters, written by the defendant and in evidence on the trial, were sufficient to meet the requirements of the statute (C. S., 988), which provides: "All contracts to sell or convey any lands, . . . or any interest in or concerning

them, . . . shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized." See *Hall v. Misenheimer,* 137 N. C., 183.

The only question presented for our consideration is the correctness of his Honor's ruling in regard to the sufficiency of the writings signed by the defendant. These letters do not appear in the statement of case on appeal. Hence we cannot say the ruling was erroneous. The presumption is otherwise. The burden is on the appellant to show error, and none has been made to appear. *In re Ross,* 182 N. C., 477. See, also, 1 Michie Digest, 695, and cases there cited, under title "Burden of Showing Error."

When the appellant served his statement of case on appeal, instead of setting out the letters which he deemed material, he simply directed, "Here clerk will copy such letters of the defendant as were introduced in evidence by the plaintiff as the plaintiff may indicate." The plaintiff served no countercase or exceptions, and made no indication to the clerk as to what letters should be copied. Hence none have been incorporated in the transcript. The statement of case as served by the appellant was incomplete, and the plaintiff, instead of supplying the defect, has moved to dismiss the appeal, which he has a right to do. *Sloan v. Assurance Society,* 169 N. C., 257; C. S., 643. No motion was made here for a *certiorari* to correct the record; and, indeed, it would seem that appellant has no meritorious ground upon which to base such a motion. C. S., 630.

Appeal dismissed.