THE BOARD OF COMMISSIONERS FOR THE COUNTY OF BEAUFORT
v. W. J. ROWLAND.

(Filed 17 September, 1941.)

**1. Taxation § 40b—**

C. S., 8037, as rewritten in sec. 4 of ch. 221, Public Laws 1927, requires that in a tax foreclosure suit a description of the real estate, which is in fact and law sufficient, shall be set out in the published notice.

**2. Same—Description of land in tax foreclosure held insufficient in absence of evidence aliunde tending to identify the land.**

This action was instituted by a county to compel defendant to comply with his contract to purchase certain lands from the county which the county had purchased at the foreclosure of a tax sale certificate. The cause was submitted upon an agreed statement of facts to the effect that in the tax foreclosure suit the published notice, after stating the number of the suit, gave the names of the defendants and described the lands as "Surry Parker and wife, 300 a. swamp . . ." and that the description set forth in the interlocutory order read "300 acres swamp, the said land being two miles from Pinetown and adjoining the land" of others named, and the deed executed by the commissioner pursuant to the decree of confirmation gave the same description except the word "swamp" was omitted. *Held:* Although the description appears to be sufficiently definite to admit of parol evidence for the purpose of identification, the description in itself is insufficient, and there being no evidence *aliunde* in the agreed statement of facts to identify the land, judgment in plaintiff county's favor is reversed.

APPEAL by defendant from *Thompson, J.,* at 14 May, 1941, Term, of BEAUFORT.

Controversy without action submitted upon an agreed case. C. S., 626.

The facts are substantially these:

Plaintiff agreed to sell to defendant, and defendant agreed to purchase from plaintiff, a tract of land as described in a deed dated 7 January, 1937, from W. A. Blount, Jr., Commissioner, to Beaufort County. This deed was executed under and by virtue of the authority of the judgment of confirmation in a tax foreclosure suit numbered and entitled "4-x-86, Beaufort County *v.* Surry Parker and wife."

Defendant declines to comply with his contract to purchase and pay for said land for that, among other things, the description thereof, as contained in the published notice of summons, as well as that in the deed from W. A. Blount, Jr., Commissioner, to Beaufort County, is insufficient to identify the land, and that by reason thereof, the deed is void and plaintiff is not vested with a good and valid title in fee simple thereto, and is unable to comply with its contract.

Plaintiff contends that the descriptions are sufficient and that Beaufort County acquired title in fee simple.

In the published notice of summonses in foreclosure suits for Beaufort County for taxes due for the year 1930 on real estate in Long Acre Township, the number of the suit relating to the land herein involved, the names of defendants and the land embraced in same were set forth as follows: "4-x-86 Surry Parker and wife, 300 a. swamp . . ." The description set forth in the interlocutory order, in which the tax lien was adjudged and sale ordered, reads as follows: "300 acres swamp, the said land being two miles from Pinetown and adjoining the land of H. N. Waters, James D. Boyd heirs and others." In the deed executed to Beaufort County by W. A. Blount, Jr., Commissioner, pursuant to decree of confirmation, the lands were described as last above stated, omitting the word "swamp."

In accordance with plaintiff's contention, Thompson, resident judge of the First Judicial District, to whom the controversy was submitted, ruled (1) that the description contained in the Commissioner's deed was sufficient to identify the lands described therein; (2) that Beaufort County is vested with a good and valid title thereto; and (3) that defendant is bound by his contract to accept deed from the county and to pay the purchase price, and entered judgment accordingly, from which defendant appeals to Supreme Court and assigns error.

*E. A. Daniel for plaintiff, appellee.*
*Norman & Rodman for defendant, appellant.*

WINBORNE, J. The description involved appears to be sufficiently definite to admit of parol evidence for the purpose of identification. See *Self Help Corp. v. Brinkley,* 215 N. C., 615, 2 S. E. (2d), 889, and cases cited. Compare *Johnston County v. Stewart,* 217 N. C., 334, 7 S. E. (2d), 708. But such evidence is absent from the agreed case. Hence, unaided in that respect, the description of itself is insufficient to identify the land.

The statute, C. S., 8037, as rewritten in section 4 of chapter 221, Public Laws 1927, in effect when the tax foreclosure suit in question was pending, requires that, in the published notice, a description of the real estate, which is in fact and in law sufficient, shall be set out.

Plaintiff contends, however, that the question here is controlled by the opinion in *Craven County v. Parker,* 194 N. C., 561, 140 S. E., 155. There, the description "Richard Parker, 250 acres, Washington Road, No. One Township," was accompanied by the admission that "this is the only land owned by Richard Parker in Craven County." This distinguishes it from the one at bar.

In view of the decision here reached, other points raised are not considered on this appeal.

The judgment below is

Reversed.