CHOZEN CONFECTIONS, INC., v. W. H. JOHNSON, E. V. NEAL, LYNN McIVER, AND T. N. HOLMES.

(Filed 26 November, 1941.)

**1. Appeal and Error § 10e—**

Where appellant serves his statement of case on appeal, C. S., 643, and appellee returns same with objections and appellant requests the judge to fix a time and place for settling the case, all within the time allowed by the court or by statute, it is the duty of the judge to settle the case on appeal and the judge may not strike appellant's statement of case on appeal from the record upon appellee's motion on the ground that appellant's statement of case was insufficient to meet the requirements of the statute and the rules of practice of the court.

**2. Appeal and Error § 18b—**

Where the trial court at the time and place fixed for settlement of case on appeal fails to settle the case and erroneously grants appellee's motion that appellant's case should be struck from the record, the Supreme Court will grant appellant's motion for *certiorari* to the end that the judge, after notice, may settle the case, C. S., 644, since appellant's failure to perfect the appeal is due to error of the court and not to any fault or neglect of appellant or his agent.

APPEAL by defendants W. H. Johnson and Lynn McIver from *Hamilton, Special Judge,* at 31 March, 1941, Extra Term of MECKLENBURG, heard upon petition of appellants for *certiorari.*

Civil action to recover on bond of defendant Johnson as principal and his codefendants as sureties for goods allegedly delivered to said Johnson under contract of consignment for which account has not been made. See former appeal, 218 N. C., 500, 11 S. E. (2d), 472, where judgment of lower court, denying motion of defendants to set aside judgment by default final, was reversed.

Thereafter the cause was tried at 31 March, 1941, Extra Term of Superior Court of Mecklenburg County before Hamilton, Special Judge, presiding, and a jury, and, the jury having answered the issues in favor of plaintiff and against defendants, judgment in accordance therewith was rendered on 9 April, 1941.

Whereupon, defendants Johnson and McIver in open court gave notice of appeal therefrom, and appealed to Supreme Court, and were allowed ninety days in which to make up and serve statement of case on appeal, and plaintiff was allowed "thirty days after the time of such service" in which to serve countercase or exceptions thereto. The court adjourned on Saturday, 12 April, 1941.

Defendants made, and on 8 July, 1941, within the said time allowed, served upon plaintiff through its counsel their case on appeal and filed same in office of clerk of Superior Court of said county. Thereafter, on 19 July, 1941, plaintiff filed a motion "to strike the defendants' statement of case on appeal for that the same is so incomplete that same cannot be corrected, and adds nothing to the record for review by the Supreme Court," and, reserving its rights under such motion, filed written objection, containing thirty-one exceptions to said statement of case on appeal, and same was served on 21 July, 1941, within the time allowed. Thereupon, on 24 July, 1941, appellants notified the judge of the disagreement and requested that a time and place for settling the case be fixed. Subsequently, the judged fixed 11 August, 1941, at designated office in Morehead City, North Carolina, as time and place for hearing. At that time and place the judge, finding facts substantially as herein-above set forth, and finding other facts as to alleged deficiencies in the statement of case on appeal as served by said defendants, and being of opinion that as served said statement of case on appeal fails to conform to statutory requirements, C. S., 643, and to the rules and practices of the court, allowed the motion of plaintiff to strike, and ordered struck from the file in the action and from the transcript for the Supreme Court the statement of case on appeal as so served by appellants. Exception.

Appellants, having in due time docketed record proper in Supreme Court, moved for *certiorari,* to end that case on appeal be settled by the judge.

*John H. Small, Jr., for plaintiff, appellee.*
*K. R. Hoyle for defendants, appellants.*

WINBORNE, J. Upon the facts appearing upon the face of the record, pertinent statutes and decisions of this Court indicate error in the order of the court below striking the statement of case on appeal as served by appellants. C. S., 643, 644; *Hodges v. Lassiter,* 94 N. C., 294; *Transportation Co. v. Lumber Co.,* 168 N. C., 60, 84 S. E., 54; *S. v. Moore,* 210 N. C., 686, 188 S. E., 421.

The statute, C. S., 643, provides that appellant shall cause to be prepared a concise statement of case on appeal and prescribes what it shall embody, and that a copy shall be served on respondent, appellee, within

time given by statute or extended by order of court. It further provides that within time given in like manner respondent shall return the copy with his approval or with specific amendments endorsed or attached. If the case be approved by respondent, it shall be filed with the clerk as a part of the record. If not returned with objections within the time prescribed, or allowed by the court, the case served shall be deemed approved. *Carter v. Bryant,* 199 N. C., 704, 155 S. E., 602. But the provisions of C. S., 644, specify that if the case on appeal be returned by the respondent, with objections as prescribed, the appellant shall immediately request the judge to fix a time and place for settling the case before him. If, however, appellant delays longer than fifteen days, unless time be enlarged by agreement after respondent serves his counter-case or exceptions, to make such request, and delays for such period to mail the case and countercase or exceptions to the judge, the exceptions filed by respondent shall be allowed, or the countercase served by him shall constitute the case on appeal. In this connection it is held in *Chauncey v. Chauncey,* 153 N. C., 12, 68 S. E., 906, that the effect of the above limitation is to substitute "fifteen days" in lieu of "immediately" as the time in which appellant, after receipt of respondent's exceptions or countercase, can make his request of the judge.

If the request be made by appellant, the statute further provides that "the judge shall forthwith notify the attorneys of the parties to appear before him for that purpose at a certain time and place, within the judicial district . . .," and "at the time and place stated, the judge shall settle and sign the case . . ." However, "if the judge has left the district before the notice of disagreement he may settle the case without returning to the district."

In the present case appellants served a statement of case on appeal within the ninety days allowed therefor by order of court. Thereupon, not electing to permit by lapse of time the case as served to become the case on appeal, as was done in *Sloan v. Assurance Society,* 169 N. C., 257, 85 S. E., 216; *Layton v. Godwin,* 186 N. C., 312, 119 S. E., 495; and *Carter v. Bryant, supra,* appellee filed and served objections thereto. Thereupon appellant had the right to request the judge to settle the case, and having complied with the provisions of the statute as to requesting the judge to fix time and place for that purpose and forwarding to him the case on appeal and objections so filed, it became the duty of the judge to fix a time and place for settling the case on appeal, and, at that time and place to settle and sign the case. The failure of the judge to settle the case on appeal instead of dismissing that served by appellants is error.

"A party is entitled to a writ of *certiorari* when, and only when, the failure to perfect the appeal is due to some error or act of the court or its officers, and not to any fault or neglect of the party or his agent."

*Womble v. Gin Co.,* 194 N. C., 577, 140 S. E., 230; *S. v. Angel,* 194 N. C., 715, 140 S. E., 727; *S. v. Moore, supra.*

Under this principle, appellants in the present case appear to be entitled to *certiorari* to the end that the judge, after notice of time and place fixed therefor as provided in the statute, may now "settle the case." *Chauncey v. Chauncey, supra.*

*Certiorari* allowed.