WILLIAM SEARCY v. CHARLES A. LOGAN.

(Filed 9 October, 1946.)

**1. Frauds, Statute of, § 2—**

A writing cannot be held sufficient under the statute of frauds unless it describes the land, the subject matter of the agreement, with certainty or refers to matters *aliunde* from which the description can be made certain. G. S., 22-2.

**2. Same—**

A memorandum "Received of C. L. $50.00 for homeplace where he now lives which he has no deed for" dated and signed by the owner of land

*is held* sufficiently definite to admit of parol evidence for the purpose of identifying the land. This memorandum being sufficient under the statute of frauds, G. S., 22-2, the purchaser is entitled to introduce another receipt executed by the owner to him, even though it does not purport to identify the land, and to show by parol that it was part of the consideration for the land contracted to be conveyed.

3. **Evidence § 30c—**

A map or plat of a survey not made in pursuance of a court order may be used by a witness to explain his testimony but it is not competent as substantive evidence.

4. **Appeal and Error § 6c (5)—**

Where the charge of the court is not incorporated in appellant's statement of case on appeal, but the charge is incorporated in appellee's countercase, it would seem that an exception to the charge then entered by appellant is not timely. G. S., 1-282.

APPEAL by plaintiff from *Bobbitt, J.,* at February Term, 1946, of RUTHERFORD.

Civil action for recovery of possession of land, rents, etc.

Plaintiff alleges in his complaint, briefly stated: That he is the owner of a certain tract of land in Chimney Rock Township, Rutherford County, North Carolina, which is specifically described in a deed from O. C. Erwin, Trustee, to him, dated 6 March, 1937, and duly registered; that defendant went into possession of said land as tenant of plaintiff for standing rent of $40.00 cash a year, and paid same for the years 1940 and 1941; that defendant is indebted to plaintiff for rents for years 1942, 1943, and 1944, and, though demand therefor was made by plaintiff in spring of 1944, defendant refused to pay same; and that thereupon plaintiff notified defendant to vacate the land and not to cultivate same, but defendant refused to comply with the notice and wrongfully withholds the land.

Defendant, answering the complaint, admits that he went into possession of the land described in the complaint under a contract with plaintiff for a rental of $40.00 a year for the year 1940, but denies all other material allegations thereof; and for a further answer and defense, upon which he asks affirmative relief, defendant avers that in the year 1940, after he had entered upon said lands, he and plaintiff entered into an agreement by which plaintiff was to convey the land to him for the sum of $300; that he paid $80 to plaintiff and has receipts therefor, and now stands ready to pay to plaintiff the balance of $220, if and when plaintiff will execute and deliver to him a deed for said land; that plaintiff has refused to execute deed to him in accordance with the agreement; and that he now tenders to plaintiff the $220, balance of purchase price,

and will pay same to him upon execution of deed for the property. Thereupon defendant prays specific performance of contract.

Plaintiff in reply denies the averments of defendant's further answer and defense.

Upon the trial below plaintiff offered in evidence: (1) The admission of defendant that he went into possession of land described in complaint as tenant of plaintiff; (2) testimony of himself in respect to failure of defendant to pay rents; and (3) the deed from O. C. Erwin, Trustee, to plaintiff bearing date 6 March, 1937, and purporting (a) to have been executed pursuant to foreclosure sale held 20 February, 1937, under a deed of trust dated 26 May, 1927, and executed by L. F. Logan and wife, Eva J. Logan, at which sale plaintiff became the purchaser of the tract of land, as described in the complaint, at the price of $340 plus taxes due—and (b) to have conveyed said land. And, on cross-examination, plaintiff identified two papers marked numbers 1 and 2 as having been signed by his wife in his name at his direction.

Defendant then, over objection by plaintiff, offered in evidence the two papers so identified by plaintiff as follows:

Exhibit No. 1.   "Received of Charley Logan $30.00 on trade.
                                        (Signed)   William Searcey
                 September 21, 1940."

Exhibit No. 2.   "$50.00.   Received of Charley Logan $50.00 for
                 homeplace where he now lives which he has no deed
                 for.
                                        (Signed)   William Searcy
                 September 26, 1941."

Exception by plaintiff.

Defendant then offered oral testimony, tending (1) to show the facts to be as averred in his further answer and defense, and (2) to identify the "homeplace where he now lives for which he has no deed," set forth in Exhibit No. 2, as the land described in the complaint, and in the deed from O. C. Erwin, Trustee, to plaintiff.

Plaintiff excepted and assigns as error the admission of certain portions of the testimony offered by defendant—the more important ones being adverted to in the opinion as hereinafter set forth.

On the other hand, plaintiff offered testimony tending (1) to controvert the evidence offered by defendant, and (2) to show that the land to which the agreement to purchase referred was not that described in the complaint, but another small tract.

Plaintiff excepted and assigns as error the refusal of the court to admit, upon objection by defendant, certain proffered evidence—the

more important instances being referred to in the opinion as hereinafter set forth.

These issues, in respect to controverted matters, were submitted and were answered by the jury as shown:

"2. Did the plaintiff thereafter contract in writing to sell and convey to the defendant the lands described in the complaint, as alleged in the answer?  Answer: Yes.

"3. Has the defendant at all times been ready, able and willing to comply with the said contract of purchase and sale, as alleged in the answer?  Answer: Yes."

In accordance with the verdict the court entered judgment for specific performance as prayed by defendant.

Plaintiff appeals therefrom to Supreme Court, and assigns error.

*Stover P. Dunagan for plaintiff, appellant.*
*Hamrick & Hamrick for defendant, appellee.*

WINBORNE, J.  This is the paramount question on this appeal: Is the wording of the receipt, Exhibit 2, identified by plaintiff and offered in evidence by defendant, a sufficient memorandum of contract to sell and convey land to admit of parol evidence for purpose of identifying the land?  The court below was of opinion that it is sufficient, and admitted parol evidence for that purpose.  The ruling is in harmony with principle of law enunciated in long line of pertinent decisions of this Court.

This Court has uniformly recognized the principle that a deed conveying land, or a contract to sell or convey land, or a memorandum thereof, within the meaning of the statute of frauds, G. S., 22-2, must contain a description of the land, the subject matter thereof, either certain in itself or capable of being reduced to certainty by reference to something extrinsic to which the deed, contract or memorandum refers.  The principle has been the subject of these recent decisions in which earlier decisions are cited and assembled: *Self Help Corp. v. Brinkley*, 215 N. C., 615, 2 S. E. (2d), 889; *Hodges v. Stewart*, 218 N. C., 290, 10 S. E. (2d), 723; *Comrs. of Beaufort v. Rowland*, 220 N. C., 24, 16 S. E. (2d), 401; and *Stewart v. Cary*, 220 N. C., 214, 17 S. E. (2d), 29.  (Compare *Johnston County v. Stewart*, 217 N. C., 334, 7 S. E. (2d), 708.)  Hence further exposition on the subject would be unnecessarily repetitious.

Tested by this principle, the description contained in Exhibit 2 is sufficiently definite to admit of parol evidence for the purpose of identification.  Hence the exception may not be sustained.

Objection to Exhibit No. 1 is likewise untenable.  While it does not purport to identify land, it is competent as receipt for money—and oral testimony was competent to show it to be a part of the consideration for

the land contracted to be conveyed. See *Bateman v. Hopkins,* 157 N. C., 470, 73 S. E., 133.

Appellant also assigns as error the ruling of the court in sustaining defendant's objection to plat of land which plaintiff proffered as evidence. This assignment is not tenable. A map or plat of a survey not made in pursuance of an order of the court is inadmissible as evidence *per se.* While it may be used by a witness under examination to explain or elucidate his testimony, it may not be exhibited as substantive evidence. See *Dobson v. Whisenhant,* 101 N. C., 645, 8 S. E., 126; *Burwell v. Sneed,* 104 N. C., 118, 10 S. E., 152; *Tankard v. R. R.,* 117 N. C., 558, 23 S. E., 46.

Next, regarding the assignment that the court erred in failing to charge the jury in respect to the statute of frauds. It is noted (1) that in the case on appeal as served by appellant the charge of the court was not incorporated, nor was any exception taken to the charge or to any failure of the court to charge; (2) that defendant included the charge in full in his countercase; and (3) that thereupon appellant excepted to the charge on the ground that it fails to charge properly the law with reference to the statute of frauds.

Upon this factual situation appellant insists that the exception is timely. Appellee takes contrary view. And the applicable statute, G. S., 1-282, provides that the appellant shall cause to be prepared a concise statement of the case, embodying the instructions of the judge, if there be exception thereto—"stating separately in articles numbered, the errors alleged." Thus it would seem that an exception not contained in the statement of case on appeal as prepared by appellant is not timely entered. Compare *Sloan v. Assurance Society,* 169 N. C., 257, 85 S. E., 216; *Layton v. Godwin,* 186 N. C., 312, 119 S. E., 495; *Carter v. Bryant,* 199 N. C., 704, 155 S. E., 602; *Chozen Confections v. Johnson,* 220 N. C., 432, 17 S. E. (2d), 505. But if the exception were timely, we are of opinion that it is not well founded. A reading of the charge reveals that the case was fully and fairly presented to the jury.

All other exceptions have been given due consideration, and are found to be without merit.

In the judgment below, we find

No error.