A. P. CARLTON v. W. H. ANDERSON AND RANDALL SHEPPARD
No. 7018SC17

(Filed 25 February 1970)

**1. Frauds, Statute of § 2— sufficiency of description of land**

A deed conveying land, a contract to sell or convey land, or a memorandum thereof, within the meaning of the statute of frauds, G.S. 22-2, must contain a description of the land either certain in itself or capable of being reduced to certainty by reference to something extrinsic to which the deed, contract or memorandum refers.

**2. Frauds, Statute of § 7; Boundaries § 10; Vendor and Purchaser § 3— option to purchase land — description of land — presumption**

Where a party contracts to convey land by a description which actually corresponds with property that he professes to own or control, there is a strong presumption that the contract was intended to apply to that particular property even though the description is in such general terms as to fit equally well property that the contracting party does not profess to own or control, and extrinsic evidence should be allowed to fit, if it can, the description to the land professed to be owned or controlled by the contracting party.

**3. Frauds, Statute of § 7; Boundaries § 10; Vendor and Purchaser § 3— option to purchase land — sufficiency of description — extrinsic evidence**

Description in an option contract referring to the land to be conveyed as "a certain tract or parcel of land located in ................. Township, Guilford County, North Carolina, and described as follows: About Four Acres situated at the North-East Intersection of Mt. Hope Church Road and Interstate 85" *is held* sufficient to admit extrinsic evidence to determine the location of the property, and the trial court erred in ruling as a matter of law that the option contract did not comply with the statute of frauds, G.S. 22-2.

BRITT, J., dissenting.

---

---

APPEAL by plaintiff from *Peel, J.,* 7 July 1969 Session, GUILFORD Superior Court.

Plaintiff instituted this action against the defendants to recover damages for breach of an option contract to convey land. Pertinent allegations of the complaint are briefly summarized as follows: On 21 July 1966 defendants executed and delivered to plaintiff a written option agreement embracing ". . . a certain tract or parcel of land located in .................... Township, Guilford County, North Carolina, and described as follows: About Four Acres situated at the North-East Intersection of Mt. Hope Church Road and Interstate 85." In said agreement defendants agreed to convey said lands to plaintiff, or his assignee, upon demand at any time within 180 days after the date of the option upon the payment by plaintiff of $40,000, less $500 paid for the option. Within the stated period, plaintiff tendered to defendants $39,500 and demanded a deed for the premises, but defendants failed and refused to convey the land to plaintiff. Because of said breach of contract, plaintiff has been damaged $60,000 and asks that he recover that amount, plus the $500 paid for the option.

Defendants filed answer admitting the execution of the option agreement and the timely tender of the full purchase price, but denied other material allegations of the complaint. In their further answer, they alleged that the option agreement did not comply with the requirements of the statute of frauds, G.S. 22-2, and therefore the agreement is void. By amendment to their answer, defendants expressed their willingness to return to plaintiff the $500 paid for the option.

When the case came on for hearing in superior court, Judge Peel conducted a hearing on the plea in bar asserted by defendants. He concluded as a matter of law that defendants' plea of the statute of frauds was valid, sustained the plea, and rendered judgment in favor of plaintiff for $500 plus interest and costs. Plaintiff appealed.

*Booth, Fish & Adams, by H. Marshall Simpson, for plaintiff appellant.*

*Jordan, Wright, Nichols, Caffrey & Hill, by Luke Wright and Edward L. Murrelle, for defendant appellees.*

BROCK, J.

The trial judge ruled as a matter of law that the option contract, attached as an exhibit to the complaint, does not comply with the statute of frauds, G.S. 22-2. The only assertion is that the description contained in the option is insufficient.

Plaintiff was not allowed to offer evidence to clarify the description or to locate the property. Therefore the only question with which we are concerned on this appeal is whether the description in the option contract is sufficient to admit extrinsic evidence to determine the location of the property, or whether the language of the option is so patently ambiguous as to prevent resort to extrinsic evidence to aid it.

We are not blind to the fact that in another case pending in this Court on appeal the defendants in this action were unsuccessful in the trial court in their attempt to recover damages for failure to convey to them the identical property involved in this case (*Randall Sheppard and W. H. Anderson v. W. H. Andrews and wife, Nellie B. Andrews,* No. 7018SC33). But, in defendants' case against Andrews, the case was submitted to the jury and the jury answered an issue that defendants had failed to make a timely tender of the agreed purchase price. However, regardless of the outcome of defendants' case, either in the trial court or upon appeal, the present appeal is concerned only with a proper application of the statute of frauds to the option before us in this case.

The description in the option before us in the present case reads as follows:

". . . a certain tract or parcel of land located in ................ Township, Guilford County, North Carolina, and described as follows:

"About Four Acres situated at the North-East Intersection of Mt. Hope Church Road and Interstate 85."

[1] The principle is undoubtedly well established in this jurisdiction ". . . that a deed conveying land, or a contract to sell or convey land, or a memorandum thereof, within the meaning of the statute of frauds, G.S. 22-2, must contain a description of the land, the subject matter thereof, either certain in itself or capable of being reduced to certainty by reference to something extrinsic to which the deed, contract or memorandum refers." *Searcy v. Logan,* 226 N.C. 562, 39 S.E. 2d 593. It appears that the difficulty arises in the application of the principle.

The option contract in the present case refers to a single tract or parcel of land containing approximately four acres lying in the north-east intersection of Mt. Hope Church Road and Interstate 85 which defendants, by the execution of the option, profess to own and promise to convey.

Paraphrasing the words of Smith, C.J., in *Farmer v. Batts,* 83

N.C. 387, it can be said about the present case, suppose a defined tract of land containing approximately four acres can be found lying in the north-east intersection of Mt. Hope Church Road and Interstate 85, as distinguished from some other tract of land, would not such proof satisfy any reasonable mind that this was the land intended? And, if so, would it not be competent to ascertain and identify the subject matter of the contract and make it effectual?

In *Self Help Corporation v. Brinkley,* 215 N.C. 615, 2 S.E. 2d 889, the following descriptive words were held sufficiently definite to admit extrinsic evidence for the purpose of identification: ". . . a certain store lot in the town of Manteo, in the County of Dare, North Carolina, containing one-half acre, more or less, the interest hereby conveyed being an undivided one-half interest."

In *Comrs. of Beaufort v. Rowland,* 220 N.C. 24, 16 S.E. 2d 401, the following description was held to be sufficiently definite to admit extrinsic evidence for the purpose of identification: "300 acres swamp, the said land being two miles from Pinetown and adjoining the land of H. N. Waters, James D. Boyd heirs, and others." However, in the *Rowland* case no evidence was offered and therefore it was held that unaided by extrinsic evidence the description of itself was insufficient to identify the land.

In *Farmer v. Batts, supra,* it was held that the following description in a contract to convey was sufficient to admit extrinsic evidence to identify the land: ". . . one tract of land containing one hundred and ninety-three acres, more or less, it being the interest in two shares, adjoining the lands of James Barnes, Eli Robbins and others."

[2] It seems to us that the presumption should be strong that where a party contracts to convey land by a description which actually corresponds with property that he professes to own or control, the contract was intended to apply to that particular property even though the description is in such general terms as to fit equally well property that the contracting party does not profess to own or control; and extrinsic evidence should be allowed to fit, if it can, the description to the land professed to be owned or controlled by the contracting party.

[3] In our opinion the description in the option in the present case is sufficient to admit extrinsic evidence for the purpose of identification. It follows, therefore, that in our opinion the trial judge erred in refusing to allow evidence to identify more specifically the land described in the option, and in ruling as a matter of law that the de-

scription in the option was patently ambiguous. Whether the complaint sufficiently alleges a cause of action, or whether plaintiff can make out a case with his evidence, are matters which are not before us and upon which we make no ruling.

Reversed.

GRAHAM, J., concurs.

BRITT, J., dissents.

BRITT, J., dissenting:

The Supreme Court of North Carolina has rendered numerous decisions interpreting and applying our statute of frauds. One of the clearest decisions on the question is that in *Lane v. Coe*, 262 N.C. 8, 136 S.E. 2d 269, where the late Justice Clifton L. Moore, in his usual scholarly manner, reviewed many pertinent decisions pertaining to the statute. The following is quoted from the opinion:

"The statute of frauds, G.S. 22-2, provides that 'All contracts to sell or convey any lands . . . shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith . . .' A memorandum or note is, in its very essence, an informal and imperfect instrument. *Phillips v. Hooker*, 62 N.C. 193. But it must contain expressly or by necessary implication the essential features of an agreement to sell. *Elliott v. Owen*, 244 N.C. 684, 94 S.E. 2d 833; *Keith v. Bailey*, 185 N.C. 262, 116 S.E. 729; *Hall v. Misenheimer*, 137 N.C. 183, 49 S.E. 104. It must contain a description of the land, the subject-matter of the contract, either certain in itself or capable of being reduced to certainty by reference to something extrinsic to which the contract refers. *Searcy v. Logan*, 226 N.C. 562, 39 S.E. 2d 593; *Timber Co. v. Yarbrough*, 179 N.C. 335, 102 S.E. 630; *Bateman v. Hopkins*, 157 N.C. 470, 73 S.E. 133; *Farmer v. Batts*, 83 N.C. 387. * * * The most specific and precise descriptions require some proof to complete the identification of the property. More general descriptions require more. The only requisite in evaluating the written contract, as to the certainty of the thing described, is that there be no patent ambiguity in the description. *Norton v. Smith*, 179 N.C. 553, 103 S.E. 14. There is a patent ambiguity when the terms of the writing leaves the subject of the contract, the land, in a state of absolute uncertainty, and refer to nothing extrinsic by which it might possibly be identified with cer-

tainty. *Gilbert v. Wright,* 195 N.C. 165, 141 S.E. 577; *Bryson v. McCoy,* 194 N.C. 91, 138 S.E. 420. When the language is patently ambiguous parol evidence is not admissible to aid the description. *Powell v. Mills,* 237 N.C. 582, 75 S.E. 2d 759. * * *"

The contract in the instant case calls for "a certain tract or parcel of land located in ................. Township, Guilford County, North Carolina, and described as follows: About Four Acres situated at the North-East Intersection of Mt. Hope Church Road and Interstate 85." The contract does not contain a description of the land "either certain in itself or capable of being reduced to certainty by reference to something extrinsic *to which the contract refers." Searcy v. Logan, supra.* (Emphasis added.) It is true that two of the boundaries of the land — the right-of-way lines of Mt. Hope Church Road and Interstate 85 — could be determined, but how would the court determine with certainty the other boundaries? Inasmuch as the written instrument relied on by plaintiff "leaves the subject of the contract, the land, in a state of absolute uncertainty, and refer(s) to nothing extrinsic by which it might possibly be identified with certainty," *Gilbert v. Wright, supra,* I think there is a patent abbiguity which may not be aided by parol evidence. In my opinion the trial court properly sustained defendants' plea in bar and I vote to affirm the judgment of the superior court.