B. P. LACKEY AND MARGARET LACKEY v. DAUGHT E. TRIPP, JR., AND RONALD LEE TRIPP

---

LEONARD F. MOSS, THOMAS M. MOSS, ELLENE B. MOSS AND SARAH M. PRATT v. DAUGHT E. TRIPP, JR., AND RONALD LEE TRIPP

---

JOSEPHINE E. REES v. DAUGHT E. TRIPP, JR. AND RONALD LEE TRIPP

No. 8213DC585

(Filed 6 September 1983)

1. **Trespass to Try Title § 1— State dredging—dumping creating land above high watermark—quitclaim deeds by State valid**
   Proper statutory authority pursuant to G.S. 146-6 existed for plaintiffs' quitclaim deed from the State for land above the high watermark created when the State dredged a creek.

2. **Trespass to Try Title § 2— quitclaim deed from State—prima facie case of title**
   Quitclaim deeds from the State to the plaintiffs were a direct grant of title from the State and proved a prima facie case of title in plaintiffs.

3. **Trespass to Try Title § 4.1— quitclaim deeds—property lines not drawn at right angles to waterline—no prejudicial error**
   Since subsection (e) of G.S. 146-6, dealing with quitclaim deeds to riparian owners for land raised above the high watermark, is silent on how property lines are to be extended, the lines may be drawn as the Governor and Council of State in their discretion deem proper.

4. **Evidence § 30; Trespass to Try Title § 3— private, unrecorded map—ancient documents rule not requiring receipt into evidence**
   Although the ancient documents rule dispenses with the necessity of authenticating certain old maps in the usual way, it does not dictate whether

any particular old paper is receivable as substantive or illustrative evidence; therefore, the rule did not dictate that a private, unrecorded map be admitted as substantive evidence, and the trial court correctly limited the unrecorded map to illustrative purposes and properly failed to admit it into evidence. G.S. 1-38.

**5. Trespass to Try Title § 3— exclusion of evidence not prejudicial**

In a trespass to try title action where all the evidence excluded was about peripheral, subordinate matters that could not have affected the crucial findings or the result of the trial, if error was committed in the exclusion of the evidence, it was not prejudicial.

APPEAL by defendants from *Gore, Judge.* Judgment entered 18 November 1981 in District Court, BRUNSWICK County. Heard in the Court of Appeals 20 April 1983.

These actions to recover damages for trespass and to quiet title to land, brought in 1974, were consolidated and tried without a jury. The evidence tended to show the following: The plaintiffs owned land abutting a navigable creek. In the 1930's, 1953, and 1962, dredgeboats dumped fill or spoil material into the waters adjacent to plaintiffs' lands. Before 1962 the area where the dumping was done was under the high watermark. But after the dredging in 1962 it was above high water, and the area was built up still futher by additional dredging in 1964. In 1964 the defendants' father began leveling and otherwise using part of the filled-in land, claiming ownership under a recorded deed which did not describe the lands purportedly conveyed with sufficient particularity to enable its boundaries to be located. In 1973 and 1974, by quitclaim deeds, the State of North Carolina conveyed and released its interest in the filled-in lands to the plaintiffs.

After making appropriate findings of fact and conclusions of law, the trial court entered judgment declaring the plaintiffs to be the fee simple owners of the lands described in their quitclaim deeds from the State, and awarding plaintiffs nominal damages for defendants' trespass thereon.

*Newton, Harris & Shanklin, by Kenneth A. Shanklin, and Powell & Smith, by William A. Powell, for plaintiff appellees.*

*Lee & Lee, by J. B. Lee, for defendant appellants.*

PHILLIPS, Judge.

[1] The defendants' three principal assignments of error relate to the court basing its judgment in favor of the plaintiffs on the quitclaim deeds they received from the State. The judgment is based upon a correct interpretation of G.S. 146-6. Subsection (d) of that statute states in part:

> Provided, however, that if in any process of dredging, by either the State or federal government, for the purpose of deepening any harbor or inland waterway, or clearing out or creating the same, a deposit of the excavated material is made upon the lands of any owner, and title to which at the time is not vested in either the State or federal government, or any other person, whether such excavation be deposited with or without the approval of the owner or owners of such lands, all such additions to lands shall accrue to the use and benefit of the owner or owners of the land or lands on which such deposit shall have been made, and such owner or owners shall be deemed vested in fee simple with the title to the same.

Subsection (e) of the same statute grants the Governor and Council of State the authority to execute a quitclaim deed to riparian owners for land raised above the high watermark as described in preceding subsections. Though the language of subsection (e) is rather awkward, the reference to "any other provision of this section" encompasses subsection (d) as well as (a). Thus, proper statutory authority exists for the plaintiffs' quitclaim deeds.

[2] G.S. 146-79 places the burden of proof in land controversies upon the party challenging the title of the State or its assigns. Defendants contend that the presumption in favor of the State does not apply and was incorrectly given weight in the trial because the instruments of conveyance were quitclaim deeds, rather than warranty deeds. Whether the presumption does or does not apply in this instance is irrelevant. Though plaintiffs are certainly assigns of the State, the decisive point in the case is that by their quitclaim deeds the plaintiffs proved a prima facie case of title in one of the sanctioned and time-honored ways, a direct grant from the State, *Mobley v. Griffin*, 104 N.C. 112, 10 S.E. 142 (1889), and the defendants did not prove superior title.

[3] Defendants also contend that the deeds of the plaintiffs are void because the property lines were not drawn at right angles to the waterline. Defendants are correct in stating that G.S. 146-6(a) requires perpendicular extension, but this case is controlled by subsection (e), not subsection (a). Since subsection (e) is silent on how property lines are to be extended, the lines may be drawn as the Governor and Council of State in their discretion deem proper. The right angle rule propounded in *O'Neal v. Rollinson,* 212 N.C. 83, 192 S.E. 688 (1937), states that it is subject to special legislation on the subject—legislation such as G.S. 146-6. Moreover, even if the lines for the quitclaim deeds had been drawn improperly, the defendants do not allege any harm that would constitute prejudicial error. G.S. 146-6(d) confers title to the disputed land on plaintiffs, and a redrawing of the property lines would not change the outcome of the case with respect to the defendants.

[4] The defendants next contend that the trial court erred in allowing their Exhibit G to be used only as illustrative evidence. The defendants argue that Exhibit G, an old map of their property, qualified as substantive evidence because of the Ancient Documents Rule. The effect and limits of this rule have been misperceived. The Ancient Documents Rule dispenses with the necessity of authenticating certain old papers in the usual way; but whether any particular old paper is receivable as substantive or illustrative evidence depends upon the document's nature, not its age. *See* 2 Brandis, *N.C. Evidence* § 196 (2d ed. 1982). Private maps are admissible only as illustrative evidence. *Searcy v. Logan,* 226 N.C. 562, 39 S.E. 2d 593 (1946). Official maps, 1 Brandis, *supra,* § 34, and private maps that have been recorded, G.S. 1-38, may be substantive evidence. The record does not show that Exhibit G was anything other than a private, unrecorded map, so the trial court correctly limited it to illustrative purposes.

[5] Finally, defendants contend that the trial court committed prejudicial error in excluding certain evidence offered by them. The case was tried without a jury and defendants' counterclaim failed because the court found that their deed did not describe the lands in question so that they could be located by fitting the description in the deeds to the earth's surfaces, as the law requires, *Andrews v. Bruton,* 242 N.C. 93, 86 S.E. 2d 786 (1955), and because they had not been in adverse possession of the lands for

the period required to obtain title in that way, as alleged. All of the evidence excluded was about peripheral, subordinate matters that could not have affected these crucial findings or the result of the trial, in any event. Thus, if error was committed, it was not prejudicial.

No error.

Judges HILL and JOHNSON concur.